### DAISLEY v. DOUGLASS.

(Circuit Court, D. Massachusetts. December 23, 1902.)

#### No. 1,210.

1. LIBEL—DAMAGES—AMOUNT.

Where, in an action by a lumber dealer and building contractor for libel, he introduced evidence to prove compensatory damages, that his business loss amounted to from $20,000 to $24,000, resulting from the libel, but defendant in rebuttal showed that a part of the subscribers to its mercantile reports, in which the libel was published, had not withdrawn credit from plaintiff by reason of the publication, a verdict assessing plaintiff's damages at $5,000 was excessive, and should be reduced to $3,000.

C. F. Choate, Jr., for plaintiff.
Carver & Blodgett, for defendant.

PUTNAM, Circuit Judge. This is an action for a libel to the business of the plaintiff as a lumber dealer and building contractor. The verdict was in his favor for $5,000, which the defendant now complains was excessive. On looking at the docket we find the verdict on a previous trial was the same. At that time, on a motion to set aside the verdict for excessive damages, we stated, in our opinion reported 107 Fed. 218, that our mind wavered, and that, as it wavered, we could not allow the motion.

There are great difficulties in the way of an attempt to formulate anything like a guiding principle in cases of this character, where, on the one hand, there is only the libel, and, on the other, nothing in the way of evidence except the fact that business has fallen off. The rest is pure matter of inference. In this respect suits for libel and slander, as we said during the trial, stand as exceptional. Of course, we were compelled to direct the jury that the verdict must be compensatory, and yet, under the circumstances, while thus technically only compensatory, the position is so akin to that of punitive

damages that it is very difficult for the court to arrive at a conclusion whether or not the jury overstepped the reasonable discretion which the law permits it to exercise. Yet, even with punitive damages, courts must see that there are limits beyond which the juries ought not to go.

At the previous trial it was plain that there were certain computations which the jury might make, and which should have limited them as to one element of damages. The evidence as to that was practically the same as it is now, proving a loss of business from $20,000 to $24,000 on the whole, all within two years from the time of the libel. Of course, the jury could not allow for this more than reasonable estimated profits on that amount of business, having, however, the fact in view that, if one's business, like the plaintiff's, falls off a certain percentage, it still carries with it, ordinarily, the same cost for office work, teams, and routine expenses which it does with the full volume of transactions; so that a partial loss ordinarily represents something more than the mere average profit on the goods he sells.

It seemed to us then, and it seems to us now, that the jury, assuming that it concluded that the loss of business proven was the consequence of the libel, might well have awarded as the damage thus proved from $2,000 to $3,000. Beyond that it could not have gone, unless it saw, in the general attitude of the case, a probability of damages ensuing not proven in this relatively direct way; that is to say, unless it saw a probability of a continuing diminution of credit, cropping out at unforeseen times, which would naturally result in a further loss of business. It was this unexplored field which led the court to make the remark at the former trial that its mind wavered, and that it, therefore, could not interfere with the verdict. At this present time the defendant has made a much stronger case in that respect than he did at the first trial. He has made a case so much stronger that it affects decidedly the views which the court takes of the question of damages. The defendant has now introduced witnesses who show that all, or nearly all, parties who were subscribers to the defendant's reports to whom the libel was published, did not withdraw credit after the publication. He has met in that way, not with absolute certainty, but with as much certainty as is possible in a court of law, the suggestion that the jury might be justified in going into this unexplored field, as we describe it.

As the case now stands, it seems to us that the jury was not justified in rendering a verdict for a sum substantially more than what might be estimated as the diminution of the plaintiff's net profits arising out of the proved loss of business. The court repeats its observation that, where the rules of law are so peculiar as they are in cases of this character, it is difficult for us to revise the verdict of a jury. Nevertheless, under all the circumstances, we are of the opinion that $3,000 must be the extreme to which the jury could justly have gone; and the order will be that, unless the plaintiff remits all damages in excess of that amount, there will be a new trial.