## UNITED STATES v. LADLEY (STATE OF IDAHO, Intervener).

### No. 1147.

District Court, D. Idaho, S. D.

Aug. 13, 1931.

See, also, 42 F.(2d) 474.

H. E. Ray, U. S. Dist. Atty., and W. H. Langroise, Asst. U. S. Dist. Atty., both of Boise, Idaho.

R. I. Keator, of Bonners Ferry, Idaho, for defendant.

Fred J. Babcock, Atty. Gen., of Idaho, and Maurice H. Greene, Asst. Atty. Gen., for intervener.

CAVANAH, District Judge.

The United States brings this action, as trustee for certain Indian allottees of the Kootenia Indian Tribe, against the defendant to quiet title to property formerly the bed of Mission Lake in Boundary county, Idaho, upon the theory that the lake at the time of statehood was nonnavigable and therefore belonged to the riparian lands of the Indians, while on the other hand the contention of the defendant is that the lake was navigable and that by virtue thereof the title to the bed of the lake was in the state of Idaho, and that he, having complied with the laws of the state, has acquired title to the state's rights. The state files its petition in intervention and asserts that it claims title to the bed of the lake in opposition to the defendant and the United States on the ground that the lake was navigable so far as the United States is concerned, and that the defendant has not succeeded to the state's interest.

The only questions to be determined at this time are: (1) Whether the state should be permitted to intervene; and (2) if so, would the court lose jurisdiction of the cause after the state becomes a party?

Bearing in mind that as this action is an equitable one to quiet title to real estate, the statutes of the United States and Equity

Rules adopted by the Supreme Court govern in disposing of the two questions.

Equity Rule No. 37 (28 USCA § 723) provides:

"Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. * * *

"Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding."

Equity Rule 39 (28 USCA § 723) provides: "In all cases where it shall appear to the court that persons, who might otherwise be deemed proper parties to the suit, cannot be made parties * * * because their joinder would oust the jurisdiction of the court as to the parties before the court, the court may, in its discretion, proceed in the cause without making such persons parties; and in such cases the decree shall be without prejudice to the rights of the absent parties."

[2, 3] It will be observed that Equity Rule 37 grants to any person whose presence is necessary or proper to a complete determination of the cause the right to be made a party, and, when permitted to do so by intervention, he cannot challenge the propriety of the main litigation, but must accept it, Adler v. Seaman et al. (C. C. A. 8th) 266 F. 828, while Equity Rule 39 relates only to proper parties and not indispensable parties, and the court may under that rule in its discretion proceed without making such persons parties, and the decree will not prejudice the rights of the absent parties. The inquiry then, is, Do the facts disclosed by the pleadings and the petition in intervention show that the state is a proper or necessary party? If a necessary party it comes in under Equity Rule 37: "In subordination to, and in recognition of, the propriety of the main proceeding." The pleadings and the petition in intervention seem to agree that the main contest is between the United States and the state, as the only issue relating to their possession is whether the bed of the lake was navigable or nonnavigable. If the lake was nonnavigable, then the title of the state falls which carries with it the claim of the defendant who bases his claim upon the title of the state. So it is apparent that under Equity Rule 37, where the state is a necessary party and is permitted to intervene, which I think it has a right to and

should be permitted to intervene, the court does not lose jurisdiction, because coming in voluntarily under that rule the state cannot object to the jurisdiction of the court. This construction of Equity Rule 37 and the state being a necessary party removes the objection as to the jurisdiction which might be made under Equity Rule 39. Of course the rights of all persons interested in the subject-matter of the suit should be decided in the present litigation, and parties having an immediate interest in the subject ought to be made parties to the suit. The state is so situated in respect to this litigation that the court ought not to proceed in its absence, and, when brought in, the case would be between the United States on the one hand and the state on the other, with the defendant, one of the citizens of the state, contesting both the rights of the United States and the state. The interest of the state is of such a nature that a final decree could not be made in the action without affecting that interest, and it would be improper for a court of equity in the exercise of a fair discretion to proceed without it. State of California v. Southern Pacific Co., 157 U. S. 229, 15 S. Ct. 591, 39 L. Ed. 683; New Mexico v. Lane et al., 243 U. S. 52, 37 S. Ct. 348, 61 L. Ed. 588; Louisiana v. Garfield, 211 U. S. 70, 29 S. Ct. 31, 53 L. Ed. 92; Percy Summer Club v. Astle et al. (C. C.) 110 F. 486. The state then having been permitted to intervene, we approach the second proposition: Does this court lose jurisdiction thereby under section 2 of article 3 of the Constitution of the United States, and under sections 41 and 341 of title 28 USCA, because of the state becoming a party to the action? The provision of the Constitution grants to the Supreme Court original jurisdiction in actions in which the state shall be a party. Under this provision exclusive jurisdiction is not granted to the Supreme Court when a state is a party, and it has no application to claims of a state against the United States, Ames v. Kansas, 111 U. S. 449, 4 S. Ct. 437, 28 L. Ed. 482; United States v. Louisiana, 123 U. S. 32, 8 S. Ct 17, 31 L. Ed. 69; and we must then look, therefore, to the statute in order to determine whether exclusive jurisdiction is vested in the Supreme Court.

■■■ By section 41 of the statute the original jurisdiction of the District Court among others, is: "Of all suits of a civil nature, at common law or in equity, brought by the United States." This section gives to District Courts concurrent jurisdiction over suits brought by the United States with the juris-

diction of the Supreme Court of the United States which is original. The United States under this section could maintain an action in the District Court against the state, as there are no exceptions. Referring then to section 341 of the statute so far as applicable here, we find that there is defined both the original and exclusive jurisdiction of the Supreme Court, as it is there declared that "the Supreme Court shall have exclusive jurisdiction of all controversies of a civil nature where a State is a party, except between a State and its citizens, or between a State and citizens of other States, or aliens, in which latter cases it shall have original, but not exclusive, jurisdiction." While it is true that this clause declares "the Supreme Court shall have exclusive jurisdiction of all controversies of a civil nature where a State is a party," yet the Supreme Court has held that it has no application to suits against the United States and bases its decision upon the conclusion that Congress had authorized the United States to be sued in the Court of Claims, and for the reason "there could, then, be no controversies of a civil nature against the United States cognizable by any court where a state was a party. The Act of March 2, 1875, in extending the jurisdiction of the circuit court to all cases arising under the constitution or laws of the United States, does not exclude any parties from being plaintiffs. Whether the state could thereafter prosecute the United States upon any demand in the circuit court or the court of claims depended only upon the consent of the United States, they not being amenable to suit except by such consent. Having consented to be sued in the court of claims upon any claim founded upon a law of congress, there is no more reason why the jurisdiction of the court should not be exercised when a state is a party than when a private person is the suitor. The statute makes no exception of this kind, and this court can create none." United States v. Louisiana, 123 U. S. 32, 36, 8 S. Ct. 17, 19, 31 L. Ed. 69. In the case we have here Congress has authorized the United States to bring this suit under section 41, title 28, USCA, and, when it did so, consent was given to any one who may have an interest in the litigation of such a nature as to become a necessary party to appear and have his rights determined. Therefore the clause in the statute granting exclusive jurisdiction to the Supreme Court in cases brought by the United States, and in which the state is a party, only applies where there is no authority of law to sue the United States or the right to appear where the United States brings suit in the inferior courts of the United States.

In the case of Ames v. Kansas, supra, the conclusion was reached that the original jurisdiction of the Supreme Court, in cases where a state is a party, is not made exclusive by the Constitution, and that Congress had authority to authorize suits by a state to be brought in the inferior courts of the United States. And the court further stated in referring to the statute that its practical effect was to give to the Supreme Court exclusive original jurisdiction in suits against a state begun without its consent, and to allow the state to sue for itself in any tribunal that could entertain the case. Authority then having been given to the United States to bring this suit in the District Court, it appears clear that, when it did so it had authority to, and did, consent, to any adverse claimant to the property in controversy to appear and assert his claims.

■ The general statement is made by the Supreme Court in a recent decision that the state can sue in the District Court where the United States is a party and has consented to be sued there. That was a case of the State of North Dakota v. Chicago & Northwestern Railway Co. et al., 257 U. S. 485, 42 S. Ct. 170, 171, 66 L. Ed. 329, where the state brought a bill in equity against certain railroad companies to prevent the enforcement of an order of the Interstate Commerce Commission, and the court said: "The main contention of the State is that if in the opinion of the Court it has a substantial right that is infringed by what the defendants are doing Congress neither can take that right away nor prevent the State from proceeding in this Court for such remedy as law or equity may afford. But if these premises were granted, it would not follow that the bill should be maintained. It is a proceeding in equity in which the requirements of complete justice and of public policy must be taken into account. When they are considered it seems to us pretty clear that the State should be remitted to the remedy offered by the statutes—a suit in the District Court in which the United States is made a party. * * *

"There is no doubt that a State can sue in the District Court when the United States is a party and has consented to be sued there and has not expressed its consent to be sued elsewhere. United States v. Louisiana, 123 U. S. 32, 8 S. Ct. 17, 31 L. Ed. 69; Ames v. Kansas, 111 U. S. 449, 4 S. Ct. 437, 28 L. Ed. 482."

The proceeding here is identical with the proceeding adopted in the case of Brewer-Elliott Oil & Gas Co. v. United States, 260 U. S. 77, 43 S. Ct. 60, 67 L. Ed. 140, where the United States brought suit as trustee for the Osage Tribe of Indians against certain oil companies to cancel oil and gas leases granted by the state of Oklahoma covering lands constituting part of the bed of the Arkansas river within the Osage reservation. The state of Oklahoma intervened by leave of court and denied that the United States, as trustee, or the Osage Tribe owned the river bed of which the lots were a part, and averred that they were owned by the state in fee. It can hardly be said that in that case the court or counsel overlooked the preliminary question of jurisdiction where the United States and the state were parties, for it is said in the case of Minnesota v. Hitchcock, 185 U. S. 373, 22 S. Ct. 650, 654, 46 L. Ed. 954, that: "It is the duty of every court of its own motion to inquire into the matter, irrespective of the wishes of the parties, and be careful that it exercises no powers save those conferred by law."

These considerations require the granting permission to the state to intervene and holding that this court has jurisdiction to hear and determine the cause.