### WINOLA LAKE & LAND CO., Inc., v. GORHAM.
#### No. 1212.

District Court, M. D. Pennsylvania.
Nov. 17, 1936.

See, also, (D.C.) 13 F.Supp. 721.

James K. Peck, of Scranton, Pa., for complainant.

Charles J. Margiotti, Atty. Gen., and Grover C. Ladner and John R. Reap, Asst. Attys. Gen., for the Commonwealth of Pennsylvania.

JOHNSON, District Judge.

This is a motion to dismiss the intervention of the Commonwealth of Pennsylvania in this case.

The complainant brought a bill in equity to enjoin the defendant from continuously trespassing on the waters of Lake Winola, a lake alleged to be located in Wyoming county, Pa., and in the exclusive possession of the complainant. The defendant filed an answer which, inter alia, averred that the waters of Lake Winola are navigable and have been used by the public for navigable purposes and that the Commonwealth of Pennsylvania did not grant to the complainant, or its predecessors, any right to use the waters of Lake Winola to the exclusion of the public.

About six months after the defendant filed his answer, the Commonwealth of Pennsylvania, through its Attorney General, filed a petition averring that it has been informed of the controversy concerning the right to use the waters of Lake Winola located in the Commonwealth of Pennsylvania, and that Lake Winola being a natural navigable lake, any claim of exclusive right of use thereof involves a public interest which the Commonwealth of Pennsylvania is called upon to protect. The petition prays that the Commonwealth of Pennsylvania be granted leave to intervene and file an answer annexed to its petition. The answer annexed to the petition avers that Lake Winola is navigable, that it is not in the exclusive possession of the plaintiff, and that title thereto is in the Commonwealth of Pennsylvania. This court granted to the Commonwealth of Pennsylvania leave to intervene as a party defendant and to file the answer annexed to the petition.

The complainant moved to dismiss the intervention. In its brief the complainant contends that the chief reason for dismissing the intervention is that it "was improvidently granted more especially because no notice was given to the plaintiff and no hearing was held as required by law."

The general equity practice affords no precedent for the exact procedure on intervention. Hughes, Federal Practice, vol. 7, § 4319. Equity Rule No. 37 (28 U.S.C.A. following section 723) provides: "Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause. * * * Anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention, but the intervention shall be in subordination to, and in recognition of, the propriety of the main proceeding." While in some cases it would not only be good practice but necessary to have a hearing on notice to the parties to determine whether intervention is proper, yet in this case such hearing was not necessary.

The bill and answer clearly disclosed that the main issue was whether the complainant had the exclusive right to use Lake Winola or the Commonwealth of Pennsylvania has title thereto by virtue of its navigability, thus making the lake open to public use. The sworn petition and answer of the Commonwealth of Pennsylvania clearly averred that Lake Winola was navigable, that the title thereto was in it, that the lake was open to the public, and that therefore it has an interest to protect in this controversy. Under the circumstances it was clearly a matter of discretion whether the court should hold a hearing on notice to determine whether intervention was proper, or to allow the intervention ex parte on consideration of the pleadings and the petition.

In United States v. Ladley (D.C.) 51 F.(2d) 756, 757, wherein the facts were strikingly similar, the court said: "The pleadings and the petition in intervention seem to agree that the main contest is between the United States and the state, as the only issue relating to their possession is whether the bed of the lake was navigable or nonnavigable. If the lake was nonnavigable, then the title of the state falls which carries with it the claim of the defendant

who bases his claim upon the title of the state. \* \* \* The interest of the state is of such a nature that a final decree could not be made in the action without affecting that interest, and it would be improper for a court of equity in the exercise of a fair discretion to proceed without it."

And now the rule to show cause why the order allowing the Commonwealth of Pennsylvania to intervene should not be revoked and the petition to intervene dismissed, is discharged, and the motion to dismiss is denied.