**UNITED STATES v. FORTY ACRES, MORE OR LESS, OF LAND, DESCRIBED AS NE¼ NW¼, SEC. 16, TOWNSHIP 7 NORTH, RANGE 36 EAST OF BOISE MERIDIAN, IN JEFFERSON COUNTY, STATE OF IDAHO, et al.**

**SAME v. FENTON et al.**

**Nos. 1043, 2003.**

District Court, D. Idaho, E. D. and S. D.
July 12, 1938.

John A. Carver, U. S. Dist. Atty., and E. H. Casterlin and Frank Griffin, Asst. U. S. Dist. Attys., all of Boise, Idaho, for the United States.

J. W. Taylor, Atty. Gen. of Idaho, and R. M. Beckwith, E. G. Elliott, Lawrence B. Quinn, and D. W. Thomas, Asst. Attys. Gen. of Idaho, for the State of Idaho.

CAVANAH, District Judge.

The United States seeks to condemn and acquire, in the cases, for an Irrigation canal right of way, a strip of land included in the school endowment lands of the State of Idaho, for the purpose of constructing a canal in the Payette and Black Canyon Division of the Boise Project under the Act of Congress of June 17, 1902, 32 Stat. 388, and Acts supplementary thereto. And for use in connection with the establishment of a migratory waterfowl refuge.

The State of Idaho being one of the defendants by its demurrer presents the following questions: (a) That the Court is without jurisdiction as against the State as exclusive original jurisdiction when the State is a party is vested in the Supreme Court, and (b) that the strip of land involved being a portion of the endowed school lands of the State, the Federal Government is not authorized to condemn and acquire it.

The provisions of the Constitution and statutes applicable to a consideration of the questions appear to be Section 2 of Article 3 of the Constitution, U.S.C.A.Const. art. 3, § 2, and Section 341, Title 28 U.S.C.A.; Sections 257 and 258, Title 40 U.S.C.A. and Section 416, Title 43 U.S.C.A.

Referring first to the Constitutional provisions which determines jurisdiction of the United States Courts, "Exclusive" original jurisdiction of the Supreme Court is not prescribed and Congress may confer concurrent original jurisdiction on inferior Courts. By 28 U.S.C.A. § 341, which was enacted on September 24, 1787, Congress conferred exclusive jurisdiction on the Supreme Court "of all controversies of a civil nature where a State is a party, except between a State and its citizens, or between a State and citizens of other States". Since the enactment of Section 341 Congress did on August 1, 1888, enact Sections 257 and 258 granting to the Secretary of the Treasury or any other officer of the Government authority to procure real estate or rights of way in land for public use for the United States by condemnation and conferred jurisdiction on the United States District Courts of proceedings for such purposes, therefore Congress has enlarged the provisions of the Judicial Act of 1789, 1 Stat. 73, by granting the right to the United States to condemn property by proceedings in the United States District Courts. Kohl v. United States, 91 U.S. 367, 23 L.Ed. 449. The provision of the Constitution, and the right of the United States as Trustee for certain Indian Allottees to proceed against the State in an action to quiet title to real property were considered and the conclusion reached in the case of U. S. v. Ladley et al., D.C., 51 F.2d 756, that this Court did not lose jurisdiction of the cause after the State became a party to the suit, so the present cases are ruled by the decision in that case. The same interpretation of the Constitution was given by the Supreme Court when in considering a subsequent Act of Congress in the case of United States v. California, 297 U.S. 175, 56 S.Ct. 421, 80 L.Ed. 567.

We then come to a consideration of the second contention of the State that the Federal Government is not authorized to condemn and acquire property which is a portion of the endowed school lands of the State and it being urged that the Idaho admission bill and the Constitution of the State which was accepted by the National Government was a solemn agreement between the United States and the State of Idaho, and by them the State acquired by gift, from the Federal Government to be held in Trust and preserved for the uses therein mentioned and therefore neither the Federal Government or the State can abrogate or modify any of the trust provisions without the consent of the other party.

The State has by sections 13-703 and 41-1004, I.C.A., consented to be sued in condemnation proceedings involving lands belonging to it, and its Supreme Court in the cases of Hollister v. State of Idaho, 9 Idaho 8, 71 P. 541 and Tobey v. Bridgewood et al., 22 Idaho 566, 127 P. 178; has held that endowed school lands of the State are subject to condemnation under the Constitution and laws of the State. Attention is

called to the case Newton v. State Board of Land Commissioners, 37 Idaho 58, 219 P. 1053, as upholding the State's contention. The question involved in that case makes it distinguishable from the Hollister and Tobey Cases as it was an original proceeding to prohibit the State Board of Land Commissioners from exchanging school lands for other Government lands, while the Hollister and Tobey Cases involved the question of the right to condemn State lands.

In case 1043 the Secretary of Agriculture, under Sections 715d and 715e, Title 16 U.S.C.A., is authorized to acquire land for use of a Migratory Waterfowl Refuge and to do all things necessary to secure title in the United States, and the purpose being one for a public use, the conclusion reached that under the Constitutions of the United States and the State and their Statutes applies, that the lands in question are subject to condemnation for such purpose and the United States District Courts have jurisdiction over proceedings to condemn.

The views thus expressed require the overruling of the State's demurrers.