**UNITED STATES v. 2715.98 ACRES OF LAND, MORE OR LESS, IN JEFFERSON COUNTY, WASH. et al.**

**No. 292.**

District Court, W. D. Washington, N. D.

March 20, 1942.

J. Charles Dennis, U. S. Atty., and Frank A. Pellegrini, Asst. U. S. Atty., both of Seattle, Wash., for petitioner.

Smith Troy, Atty. Gen. of the State of Washington, and Jerome K. Kuykendall, Asst. Atty. Gen. of the State of Washington, for respondent State of Washington.

BOWEN, District Judge.

In the above entitled matter, which is an action by the United States to condemn all of the real property comprising Indian Island in Puget Sound in Jefferson County, Washington, certain of the property is what is known as granted school lands received by the State of Washington from the United States when Washington was granted its statehood. Section 11 of the Enabling Act of the State of Washington, 25 Stat. 679, provides in effect that the sale of state lands must be at public sale for not less than $10.00 per acre, but in this case the only evidence of value of the state land here in question was that it is of the fair cash market value of $1,880.00 which is only about $8.00 per acre. There being no other evidence, and the court not being justified in finding the value of the land to be in excess of $8.00 per acre, the question for decision is whether or not the limitation of the Enabling Act above referred to applies in this condemnation proceeding brought by the Federal Government.

In the case of United States v. Town of Nahant, 1 Cir., 153 F. 520, at page 521, the court said: "We look upon a case like this, where the government in its sovereignty exercises its right to take private or municipal property for its necessary public purposes, as somewhat exceptional in respect to rules of damage or compensation. The right to take is a strictly arbitrary right, a right without any qualification, and one which at once cuts through all individual and inferior government conditions. The federal government arbitrarily, and as a supreme entity, takes, without question, for its own necessary defenses and other public uses, whatever it lays its hand upon. While this is so, * * * the other phase of the proceeding, * * * contemplates 'just compensation.'"

See, also, United States v. Crary, D.C., 1 F.Supp. 406; United States v. Alcorn, 9 Cir., 80 F.2d 487.

In the case of United States v. Forty Acres, More or Less, etc., 24 F.Supp 390, the District Court of Idaho held in effect that the State could not prevail in its contention that the Federal Government

is not authorized to condemn and acquire property which is a portion of the endowed school lands of the State in violation of the conditions of state land ownership contained in the State Admission Bill and State Constitution which were accepted by the National Government.

■ There can be no question of the power of the Federal Government to acquire by eminent domain private property or the property of an inferior government for the public uses of the Government upon paying just compensation for the property taken. This right of eminent domain of the Government is not in any way limited by any conditions imposed upon or enjoyed by the owner of the land taken, whether the owner be an individual or an inferior government.

■ The amount of and manner of determining just compensation in eminent domain proceedings brought by the Government is a judicial (Monongahela Nav. Co. v. United States, 148 U.S. 312, 13 S. Ct. 622, 37 L.Ed. 463) and not a state legislative question.

■ Finally, it seems obvious that the limitation on the right of the State to sell its granted school lands refers to sales to private individuals rather than to the acquisition in eminent domain proceedings by the Federal Government of such lands for the Government's own public use.

This court finds and concludes from the evidence adduced by the Government and adopted by the State that $1,880.00 is just compensation for the taking by the Government of the State's land on Indian Island.