### UNITED STATES v. STATE OF MONTANA et al.
### No. 10210.

Circuit Court of Appeals, Ninth Circuit.
March 16, 1943.

---

Norman M. Littell, Asst. Atty. Gen., John B. Tansil, U. S. Atty., of Billings, Mont., C. W. Buntin, Sp. Asst. to U. S. Atty., of Lewistown, Mont., and Vernon L. Wilkinson and Dwight D. Doty, Attys., Department of Justice, both of Washington, D. C., for appellant.

R. V. Bottomly, Atty. Gen., and Clarence Hanley, Asst. Atty. Gen., for appellee State of Montana.

Before GARRECHT, MATHEWS, and HANEY, Circuit Judges.

HANEY, Circuit Judge.

The United States appeals from a judgment dismissing a condemnation proceeding brought by it to condemn 3601.51 acres of land.

The complaint alleged that the purposes for which the land was sought were: "Prevention of soil erosion; sanctuary for the propagation and protection of migratory waterfowl by providing nesting, resting, and feeding grounds in effectuation of the treaty between the United States and Great Britain, August 16, 1916, 39 Stat. 1702; refuge for other forms of wild life common to this area; and relief of unemployment by the construction of improvements and developmental work necessary for the use of the land in the manner herein described." The complaint also alleged that acquisition of the lands in question was approved and determined to be necessary by the Federal Emergency Relief Administrator, acting pursuant to § 202 of the National Industrial Recovery Act, 48 Stat. 200, 40 U.S.C.A. § 402, and Executive Order No. 6252.

The lands in question were granted to the State of Montana "for the support of common schools" by § 10 of the Montana Enabling Act of February 22, 1889, 25 Stat. 676. Section 11 of that act as amended by the Act of May 7, 1932, 47 Stat. 150, provided that the lands granted by that act "shall be disposed of only at public sale after advertising". It is said that it was decided in State ex rel. Galen v. District Court, 42 Mont. 105, 112 P. 706, that title to school lands in Montana cannot be acquired by eminent domain.

The State moved to quash the summons served on it upon the ground that the court

196

below had no jurisdiction over the person of the State. The motion was denied.

The State thereafter answered alleging, among other things, that in truth and in fact, the lands sought were to be used solely for the propagation and protection of migratory birds. It also denied the necessity of the proposed taking.

On July 18, 1939, a "Declaration of Taking" was filed and $18,327.55 was paid into the registry of the court.

Thereafter, the United States moved for an order determining that the property was required for the public uses as alleged in its complaint, and for other things unnecessary here to mention. The State resisted the motion, urging, among other things: (1) the court below had no jurisdiction of the action; (2) the lands were not subject to condemnation; (3) the State had not consented to the taking; and (4) the taking was not "necessary" as is required by Rev. Codes of Mont.1935, § 9937. The court below held that under the Montana enabling act, the lands could not be acquired by condemnation. The proceedings were accordingly dismissed. This appeal followed.

The State challenges the jurisdiction of the court below. Art. III, § 2 of the Constitution provides in part: "In all Cases * * * in which a State shall be Party, the supreme Court shall have original Jurisdiction". 28 U.S.C.A. § 341 provides: "The Supreme Court shall have exclusive jurisdiction of all controversies of a civil nature where a State is a party, except between a State and its citizens, or between a State and citizens of other States, or aliens, in which latter cases it shall have original, but not exclusive, jurisdiction". Pursuant to these provisions, the State contends that the Supreme Court has "exclusive" jurisdiction.

■ Section 203(a) of the National Industrial Recovery Act, 40 U.S.C.A. § 403 (a), authorizes acquisition, by exercise of the power of eminent domain, of "any" real property in connection with the construction of any project in the program of public works prepared by the Administrator, which admittedly includes the project in question. We think this act amends 28 U.S.C.A. § 341 to the extent that in such cases as this, the District Courts of the United States have jurisdiction. United States v. California, 297 U.S. 175, 187–189, 56 S.Ct. 421, 80 L.Ed. 567.

■ Since § 11 of the Montana Enabling Act provides that such lands as these "shall be disposed of only at public sale after advertising" the State contends that such lands may not be condemned. The reliance on the decision of the Montana Supreme Court does not seem fruitful. Its interpretation of the federal statute, is, of course, not binding on the federal courts. Ex parte Worcester Nat. Bank, 279 U.S. 347, 359, 49 S.Ct. 368, 73 L.Ed. 733, 61 A.L.R. 987; Baltimore & Ohio R. Co. v. Kepner, 314 U.S. 44, 52, 53, 62 S.Ct. 6, 86 L.Ed. 28, 136 A.L.R. 1222. However that may be, it is clear that the state decision relied on does not rule the case at bar, because the state court did not decide that the enabling act prevented the United States from condemning school lands.

■■ The language of the enabling act prohibits the state from disposing of school lands except at public sale after advertising. Since it does not clearly and specifically prohibit the United States from condemning the lands, we should not extend the prohibition to the United States. United States v. Stevenson, 215 U.S. 190, 197, 30 S.Ct. 35, 54 L.Ed. 153. As thus construed, the statute is no obstacle to the instant proceedings. United States v. 2715.98 Acres of Land, More or Less, D.C., 44 F.Supp. 683, 684; United States v. Forty Acres, More or Less, of Land, etc., D.C., 24 F.Supp. 390, 391. State ownership of the lands sought does not prevent condemnation. State of Oklahoma v. Atkinson Co., 313 U.S. 508, 534, 61 S.Ct. 1050, 85 L.Ed. 1487.

The State further contends that the real purpose of acquiring the lands was the propagation and protection of migratory birds; that under the Migratory Bird Conservation Act, 16 U.S.C.A. § 715 et seq., the only methods by which the United States can acquire lands for such purpose is by purchase, rental or exchange; that by 16 U.S.C.A. § 715f lands may be purchased only with the consent of the State in which the lands lie; and that Montana has not consented here.

■ The complaint states the purposes of the acquisition to be at least three: (1) Prevention of soil erosion; (2) propagation and protection of migratory wild life; and (3) relief of unemployment. These are repeated in the declaration of taking. Under these circumstances we cannot inquire into the intentions of the Administrator and find the purposes to be not three but

one. City of Oakland v. United States, 9 Cir., 124 F.2d 959, 964.

 Finally, it is argued that there was no showing that the taking was necessary for the uses described in the complaint, as required by Rev.Codes of Mont.1935, § 9937. Appellant contends that this is a matter of substantive law and that state law on the point is "of no moment". The State counters with the contention that it is not substantive law, but procedural law, which must be followed in accordance with 40 U.S.C.A. § 257, and relies on Cities Service Oil Co. v. Dunlap, 5 Cir., 101 F. 2d 314 and Guardian Life Ins. Co. of America v. Clum, 3 Cir., 106 F.2d 592. Neither case decides the point involved here, and does not involve condemnation proceedings. A federal court in a condemnation proceeding is required to "adopt the forms and methods of procedure afforded by the laws of the State" and no others. United States v. Miller, January 4, 1943, 63 S.Ct. 276, 87 L.Ed. ——. The Montana statute does not relate to "forms and methods of procedure", but is a rule of substantive law requiring a particular finding of fact before condemnation is permitted. We think it is not controlling. The federal statute (40 U.S.C.A. § 257) does not require proof of "necessity," but makes that question depend solely on the "opinion" of the federal officer. It is controlling here.

Reversed.