**UNITED STATES v. 2902 ACRES OF LAND IN NATRONA COUNTY, WYO., et al.**

No. 2827 Civil.

District Court, D. Wyoming.

April 9, 1943.

Carl L. Sackett, U. S. Atty., and John C. Pickett, Asst. U. S. Atty., both of Cheyenne, Wyo., for plaintiff.

Louis J. O'Marr, Atty. Gen. of Wyoming, for defendant State of Wyoming.

KENNEDY, District Judge.

This is a suit in which the government as plaintiff seeks to condemn certain lands for the purpose of establishing a military air base in the County of Natrona, State of Wyoming. Included in the area so sought to be condemned is a tract of land owned by the State of Wyoming consisting of approximately 467 acres.

596

The order of possession was granted by the Court covering the lands of the State and other lands on the 21st of May, 1942, and on the 16th day of July, 1942, estimated compensation in the amount of $2,960 was deposited with the Clerk of the Court and a judgment on Declaration of Taking applying to the lands of the defendant and other owners, duly entered.

Thereafter, the State as defendant filed an answer to the petition for condemnation on the 10th day of July, 1942, setting up as a matter of defense that the land sought to be condemned was school land granted to the State of Wyoming under the Act of Admission approved July 10, 1890, 26 Stat. 222, by the terms of which the State was restricted and prohibited from selling or disposing of said lands for price or consideration under the sum of $10 an acre, and that a similar provision was contained in the Constitution of the State of Wyoming duly ratified by the Congress. Art. 18, § 1.

Thereafter upon the petition of the plaintiff, commissioners were appointed by the Court to appraise the lands in controversy and other lands, who duly made their return fixing the value of the land of the defendant State at $2,940. The State filed exceptions to the commissioners' award, among other grounds setting up the same defense as included in its answer that the appraised amount was less per acre than the State of Wyoming was permitted to sell its lands under the terms of the Act of Admission, the Constitution of the State of Wyoming and the statutory provisions of the State of Wyoming applicable thereto. In said exceptions the State demanded a trial by jury to fix the valuation of said lands. Counsel for the government then filed a motion to strike from the defendant's answer and from its exceptions to the commissioners' award the paragraphs hereinbefore referred to.

In the meantime the case had been set for trial before a jury and before the case was called for trial, counsel stipulated in writing that the demand for a jury by the defendant State would be and was withdrawn, that the rights of the parties would be based upon the determination by the Court upon the motion to strike—that if the motion to strike should be sustained, judgment should be entered for the defendant against the plaintiff for the appraised value of the land, but in the event it should be overruled, judgment should be entered for the defendant upon the basis of $10 per acre, representing the minimum amount for which said lands could be disposed of by the State. It was likewise provided in said stipulation that trial briefs would be submitted by the parties and these have now been presented to the Court.

The right of the government to acquire the lands by condemnation is not challenged by the defendant State, and the only legal issue for determination is whether or not the government must pay the designated sum per acre named in the Act of Admission and carried into the Wyoming State Constitution and appropriate statutes.

It is the contention of counsel for the government that the government is not bound by any restrictions other than the Constitutional provision that private property shall not be taken for public use without just compensation. United States Constitution, Amendment 5. While counsel for the defendant State maintains in substance that plaintiff through Congress by its own Act of Admission and by its ratification of the Wyoming Constitution has limited the manner in which the lands may be disposed of by fixing a minimum price of $10 per acre, and that in consequence it must pay that amount.

█ The government in the premises is exercising its so-called right of eminent domain. This right is not specifically granted by the Constitution, but is recognized as an incident of sovereignty which is absolute except as it has been restricted by the 5th Amendment. Speaking of this right in Van Brocklin v. State of Tennessee, 117 U.S. 151, 6 S.Ct. 670, 672, 29 L. Ed. 845, the Court says: " * * * when the property cannot be acquired by voluntary arrangement with the owners, it may be taken against their will, by the United States, in the exercise of the power of eminent domain, upon making just compensation, with or without a concurrent act of the state in which the land is situated." While this statement may refer simply to lands within a State, there would seem to be no distinction as to whether they apply to lands owned by a State or by private parties.

█ It has been repeatedly reiterated by the Courts that the United States as a sovereign has the absolute power and right to acquire property necessary for its govern-

mental needs without restriction, except that it must observe the constitutional requirement to pay just compensation. The manner of determining just compensation is a judicial function and must be determined by the Courts (unless the parties agree upon a bargain and sale basis) in a due process of law proceeding as here invoked.

The defendant's theory is that the United States having fixed a minimum price at which the lands granted by it to the State of $10 per acre may be sold or disposed of, it cannot acquire those lands by the payment of less than the minimum price so fixed. In the first place, I think a fair interpretation of the terms of the Act of Admission and likewise the provision of the Wyoming Constitution is that the State by its own voluntary act is not permitted to dispose of the lands for less than the specified amount. But again, there is nothing in either instrument which suggests the limitation of sovereign right to acquire these lands if needed in the exercise of plaintiff's governmental functions.

It is doubtful if one generation of legislative and executive power could, if desired, limit future ones in the exercise of such right unless it should be by treaty or pact involving mutual obligations and considerations constituting vested property rights. Here the Act of Admission and the ratification of the State Constitution were more in the nature of acts of grace incident to Wyoming being granted statehood; and surely, unless it was somewhere clearly and specifically expressed that the government intended to renounce its sovereign right of eminent domain, it should not be read into those congressional acts by implication. The right of eminent domain, therefore, remains intact, subject only to the constitutional restrictions as to compensation.

Counsel for defendant have cited no cases which seem to support their contention. On the other hand, counsel for the government cite United States v. 2715.98 Acres of Land, D.C., 44 F.Supp. 683, and United States v. 40 Acres, More or Less, of Land, D.C., 24 F.Supp. 390, which in general are applicable in principle to the question here involved.

For the reasons stated, the motion to strike the defenses interposed by the State in its answer and exceptions to the commissioners' award will be sustained and an order may be entered accordingly, together with a judgment in defendants' favor for the sum of $2,940, the amount of said award.

Exceptions to the ruling of the Court will be allowed to defendant and an order may be made for plaintiff to submit its appropriate order and judgment in accordance with this memorandum on or before April 15, 1943.