**UNITED STATES of America,**
**Appellant,**

**v.**

**91.69 ACRES OF LAND, MORE OR LESS, Situate IN OCONEE COUNTY, STATE OF SOUTH CAROLINA, and Excelsior Mills, Inc., et al., Appellees.**

**No. 9362.**

United States Court of Appeals
Fourth Circuit.

Argued June 15, 1964.

Decided June 24, 1964.

Edmund B. Clark, Atty., Dept. of Justice (Ramsey Clark, Asst. Atty. Gen., Roger P. Marquis, Atty., Dept. of Justice, John C. Williams, U. S. Atty., and Robert O. DuPre, Asst. U. S. Atty., on brief), for appellant.

Wm. L. Watkins, Anderson, S. C. (Watkins, Vandiver, Kirven & Long, Anderson, S. C., on brief), for appellees.

Before SOBELOFF, Chief Judge, J. SPENCER BELL, Circuit Judge, and MICHIE, District Judge.

SOBELOFF, Chief Judge.

Condemnation proceedings were instituted by the United States to take in fee simple a certain tract of land in Oconee County, South Carolina, for the construction of the Hartwell Dam and Reservoir "for flood control and for other uses incident thereto." A sum equal to the estimated value of the fee was deposited in court at the time of the filing of the Declaration of Taking. Answers asserting title to the property affected were filed by the owners and the fund was distributed to them.

The following year, title in the meantime having vested in the Government in accordance with law, the owners sought and were granted leave by the District Court to amend their answers. The

amended answers denied the right of the United States to take a fee simple estate in the land. They asserted, contrary to the certificate previously filed by the Secretary of the Army, that only a flowage easement was needed and that the taking of a fee interest was "an arbitrary, unwarranted and unlawful exercise of the power of Eminent Domain * * *." The Judge referred the question of just compensation to a Commission appointed pursuant to Rule 71A(h), Fed.R.Civ.P. He also referred to this Commission the question raised in the amended answers.

 The practical difference to the Government and to the owners between the taking of a fee simple title as distinguished from mere flowage rights is not clear on this record. It does appear, however, from statements of counsel that the owners are endeavoring to preserve their ownership of the fee in the beach land designed to be created, and which has in fact been created by the damming of the water. It was asserted by the owners' counsel in argument that if this peripheral land is owned in fee by the Government and used for recreation purposes, the appellees' nearby residential property will be adversely affected. If this apprehended element of damage should materialize, it should be considered in fixing the amount of the award. Ordinarily the Government may take not only the land that will be flooded but such additional land as in the discretion of the condemning authorities may be necessary or desirable to protect the lake or to permit the incidental public use.[1]

The Government's position is that the District Court erred in allowing the amendment to the answers, and that neither the Commission nor the court is authorized to review the determination of the authorities as to the necessity for the taking of a fee in the entire tract.

 Since the appeal is not from a final order, the case is not ripe for review[2] and we decline the Government's suggestion that mandamus be used to accomplish the same end as an appeal.[3] We remand the case to the District Court for further proceedings.

 We think it desirable, however, to point out that the court should limit the Commission to finding the value of the land proposed to be taken. The challenge to the validity of the Certificate of Taking is in no event one for the Commission, and it may become one for the court only in highly exceptional circumstances, such as neither this record nor the briefs and arguments disclose. The general rule is as laid down in Shoemaker v. United States, 147 U.S. 282, 298, 13 S.Ct. 361, 390, 37 L.Ed. 170 (1893):

"The adjudicated cases likewise establish the proposition that, while the courts have power to determine whether the use for which private property is authorized by the legislature to be taken is in fact a public use, yet, if this question is decided in the affirmative, the judicial function is exhausted; that the extent to which such property shall be taken for such use rests wholly in the legislative discretion, subject only to

1. Cf. Berman v. Parker, 348 U.S. 26, 33, 75 S.Ct. 98, 99 L.Ed. 27 (1954); United States v. Carmack, 329 U.S. 230, 247–248, 67 S.Ct. 252, 91 L.Ed. 209 (1946); United States v. Gettysburg Elec. Ry., 160 U.S. 668, 685, 16 S.Ct. 427, 40 L.Ed. 576 (1896); Luxton v. North River Bridge Co., 153 U.S. 525, 529–530, 14 S.Ct. 891, 38 L.Ed. 808 (1894); United States v. State of South Dakota, 212 F.2d 14, 16 (8th Cir. 1954).

2. An order of reference is not ordinarily appealable. Deckert v. Independence Shares Corp., 311 U.S. 282, 291, 61 S.Ct. 229, 85 L.Ed. 189 (1940). Cf. Di Bella

v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545–546, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

3. Ordinarily, a writ of mandamus may not be used as a substitute for an appeal. La Buy v. Howes Leather Co., 352 U.S. 249, 254–260, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 63 S.Ct. 938, 87 L. Ed. 1185 (1943); Bartsch v. Clarke, 293 F.2d 283 (4th Cir. 1961). Compare United States v. Cobb, 328 F.2d 115 (9th Cir. 1964).

the restraint that just compensation must be made."

A reaffirmation of this principle is to be found in Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27 (1954). No circumstances are suggested here that would warrant a departure from this well-established rule, although it is at least theoretically conceivable that a case of arbitrary, capricious or corrupt conduct might arise which would call for judicial intervention.

In the circumstances, the District Court having seen fit to allow the amendment, the propriety of which we do not now decide, the court should instruct the Commission to determine the amount of compensation alternatively, stating separately the value of the land in fee simple, and the sum to which the owners would be entitled if only flowage rights are taken, so that in the event of a second appeal the record will be in form for a final disposition of this litigation.

Remanded.