SOUTHERN PACIFIC LAND COM-
PANY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 19882.

United States Court of Appeals
Ninth Circuit.

Oct. 12, 1966.

Rehearing Denied Nov. 18, 1966.

Galen McKnight, Fresno, Cal., Roy Jerome, Harold S. Lentz, San Francisco, Cal., Stammer, McKnight, Barnum, Bailey & Barnett, Fresno, Cal., for appellant.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., Manuel L. Real, U. S. Atty., Richard J. Dauber, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLEY, BROWNING and DUNIWAY, Circuit Judges.

BROWNING, Circuit Judge:

The United States seeks to condemn the fee simple title to 17,750 acres of land, including the mineral interests, for the construction of a naval air station near Lemoore, California. The Southern Pacific Land Company, owning 4,600 of these acres, contends that the mineral interests in the property cannot be taken. The Company argues that property may be taken only for a public purpose; that the only public purpose involved was the construction of a naval air station; that the Assistant Secretary did not determine that the taking of the mineral rights in the Company's lands was necessary for that purpose; and if he had, his determination would have been arbitrary and

capricious, and an abuse of discretion, because the Company is willing to agree not to exploit these mineral rights unless and until it becomes possible to do so without interfering with the operation of the naval air station.

■ The district court held that since the establishment of a naval air station was a public use the inquiry must end there. "The extent, nature or estate to be acquired," the court held, "is solely within the province of the Assistant Secretary of the Navy by delegation from Congress and is not subject to judicial review." The district court went on, however, to hold there was "no evidence to support an allegation that the Assistant Secretary of the Navy acted in bad faith or arbitrarily or capriciously." [1]

The Government urges us to adopt the district court's holding that when the taking as a whole is for an authorized public purpose the administrative agency's decision as to the necessity for taking particular property or a particular interest in property is not subject to judicial review.

A substantial argument can be made for this position, based upon the Supreme Court's decision in Berman v. Parker, 348 U.S. 26, 36, 75 S.Ct. 98, 99 L.Ed. 27 (1954), and upon such court of appeals decisions as 2953.15 Acres of Land v. United States, 350 F.2d 356, 360 (5th Cir. 1965); United States v. Mischke, 285 F.2d 628, 631–633 (8th Cir. 1961); United States v. Brondum, 272 F.2d 642, 646 (5th Cir. 1959); United States v. State of South Dakota, 212 F.2d 14 (8th Cir. 1954); United States v. Kansas City, 159 F.2d 125, 129 (10th Cir. 1946); and United States v. 6.74 Acres of Land, 148 F.2d 618, 619–620 (5th Cir. 1945). It is no doubt significant that in each instance in which a lower court set aside a federal agency's determination that it was necessary to take particular property or a particular interest in property, the

lower court's ruling was reversed on appeal.

■ But the Supreme Court itself has declined to rule out the possibility of judicial review where the administrative decision to condemn a particular property or property interest is alleged to be arbitrary, capricious, or in bad faith. United States v. Carmack, 329 U.S. 230, 243–244, 67 S.Ct. 252, 91 L.Ed. 209 (1946). And various courts of appeal, including this one, have *said* that an exception to judicial non-reviewability exists in such circumstances. Simmonds v. United States, 199 F.2d 305, 306–307 (9th Cir. 1952); United States v. 64.88 Acres of Land, 244 F.2d 534, 536 (3rd Cir. 1957); United States v. Certain Real Estate, 217 F.2d 920, 926–927 (6th Cir. 1954); United States v. Certain Parcels of Land, 215 F.2d 140, 147 (3rd Cir. 1954); and United States v. Meyer, 113 F.2d 387, 392 (7th Cir. 1940). See also Wilson v. United States, 350 F.2d 901, 906–907 (10th Cir. 1965); United States v. 91.69 Acres of Land, 334 F.2d 229, 231 (4th Cir. 1964); and United States v. State of New York, 160 F.2d 479, 480 (2d Cir. 1947). Moreover, limited judicial review of administrative exercise of condemning authority may well be required by section 10 of the Administrative Procedure Act, 5 U.S.C. § 1009.

We need not decide the question, however, for even if we were to hold that a limited power of review exists, we would nevertheless affirm the judgment, since we agree with the district court that the Company failed to show that the decision to take its mineral rights was arbitrary, capricious, or made in bad faith.

An assistant Secretary of the Navy testified on deposition that extraction of the oil, gas or other minerals would be inconsistent with the establishment of the naval air station, and was not contemplated when the declaration of taking

---

1. The latter finding appears in the district court's memorandum opinion, but not in the formal findings prepared by the Government and signed by the court. We may properly consider the opinion's finding where, as here, it is direct and clear and consistent with the formal findings, serving merely to supplement them. American Pipe & Steel Corp. v. Firestone Tire & Rubber Co., 292 F.2d 640, 642 (9th Cir. 1961); Stone v. Farnell, 239 F.2d 750, 754–755 (9th Cir. 1956).

was filed. He testified that the mineral rights were included in the taking "to protect the government" in the event the property should no longer be needed for a naval air station at some time in the future.

In this eventuality the Assistant Secretary envisioned two possibilities. (1) If it were decided to sell the property, ownership of the mineral rights would enhance the property's marketability. Asked whether he had in mind "protecting the government in the sense of an investor," he responded, "not necessarily. Making it that much easier to sell. Part of it would be the investment, of course, but that wouldn't be the only factor." (2) If it were decided to retain the property, the Government might wish to extract the minerals, for "[I]f oil can be produced from this land, who knows, in the case of emergency the government may need some additional production."

■ As noted, the uncontradicted testimony of the Assistant Secretary was that he based his decision in part upon the fact that the existence of outstanding mineral interests, conflicting with possible surface uses, would reduce the marketability of the property in the event of sale. Advantageous liquidation of the Government's investment is a legitimate consideration in determining the estate to be taken. Lewis v. United States, 200 F.2d 183, 185 (9th Cir. 1952); Simmonds v. United States, 199 F.2d 305, 306 (9th Cir. 1952); Cf. Sweet v. Rechel, 159 U.S. 380, 394–395, 16 S.Ct. 43, 40 L.Ed. 188 (1895). Here the Government was not engaging in "an outside land speculation," (Brown v. United States, 263 U.S. 78, 84, 44 S.Ct. 92, 68 L.Ed. 171 (1923)); and "we must regard appropriate liquidation of an investment for a public pur-

pose as itself such a public aim," United States v. State of New York, supra, 160 F.2d at 481.[2]

■ This is but an application of the general principle that "The cost of public projects is a relevant element in all of them, and the government, just as anyone else, is not required to proceed oblivious to elements of cost." United States ex rel. TVA v. Welch, 327 U.S. 546, 554, 66 S.Ct. 715, 719, 90 L.Ed. 843 (1946). See also Wilson v. United States, supra, 350 F.2d at 907; United States v. Agee, 322 F.2d 139, 142 (6th Cir. 1963).

A decision to take, based in substantial part upon this consideration is not arbitrary or capricious.[3] Affirmed.

---

2. The Company relies heavily upon City of Cincinnati v. Vester, 281 U.S. 439, 50 S.Ct. 360, 74 L.Ed. 950 (1930). As Justice Black pointed out in United States ex rel. TVA v. Welch, supra, 327 U.S. at 552, 66 S.Ct. at 718, "the Court's judgment in that case denied the power to condemn 'excess' property on the ground that the state law had not authorized it," and nothing more.

3. Since one of the considerations motivating the Assistant Secretary afforded a principal basis for his decision, we need not determine whether the other reasons given for his decision would also have sufficed. United States v. State of Montana, 134 F.2d 194, 196–197 (9th Cir. 1943).