## MATTER OF MARCHENA

### In Adjustment of Status Proceedings

#### A-12500020

*Decided by Regional Commissioner August 15, 1967*

Where an alien's conviction under the second clause of 18 U.S.C. 1001 may have been for making a false statement, it cannot be assumed that her plea of guilty concerned a fraudulent statement; therefore, the crime cannot be held to involve moral turpitude. Notwithstanding, her application for adjustment of status to that of a lawful permanent resident pursuant to the provisions of section 1 of the Act of November 2, 1966, is denied, as a matter of discretion, where she remains on probation as a result of that conviction.

This matter is before the Regional Commissioner for review on certification of the decision of the District Director denying the application.

The applicant is a 31-year-old native and citizen of Cuba. She last arrived in the United States at Miami, Florida on October 17, 1961 when she was paroled indefinitely under section 212(d)(5) of the Immigration and Nationality Act. On February 23, 1967, she applied for permanent resident status as a Cuban refugee under the Act of November 2, 1966 which provides, in part:

* * * That, notwithstanding the provisions of section 245(c) of the Immigration and Nationality Act, the status of any alien who is a native or citizen of Cuba and who has been inspected and admitted or paroled into the United States subsequent to January 1, 1959 and has been physically present in the United States for at least two years, may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if the alien makes an application for such adjustment, and the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence . . .

The District Director found the applicant is inadmissible under section 212(a)(9) of the Act as an alien who has been convicted of a crime involving moral turpitude by reason of her conviction on January 31, 1966 in the United States District Court for violation of section 1001, Title 18, U.S. Code. This section includes three distinct offenses, namely: (1) the offense of falsifying, concealing, or covering

up by any trick, scheme, or device, a material fact; or (2) the making of any false, fictitious, or fraudulent statements or representations; or (3) the making or using of "any false writing or document. .."

The applicant was convicted upon her plea of guilty to count three of the indictment which reads as follows:

That on or about January 7, 1963, in Dade County, in the Southern District of Florida, the defendants,

RODOLFO MARCHENA and

CARMEN HERNANDEZ a/k/a CARMEN MARCHENA

in a matter within the jurisdiction of a department of the United States, to wit, the Department of Health, Education and Welfare, did knowingly and wilfully make and cause to be made a false, fictitious and fraudulent statement and representation of a material fact, that is to say: In a statement entitled "Declaration of Resources" made and signed by the defendants and presented to an employee of the Public Welfare Department of the State of Florida, which theretofore by law had been designated to administer the United States Cuban Refugee Assistance Program, the defendants stated they were receiving only $14.00 to $20.00 a week, which statement was false, for in truth and in fact, as the defendants well knew, the defendant RODODLFO MARCHENA was working full time and receiving a salary as an employee of Riverside Laundry in Dade County, Florida; in violation of Title 18, United States Code, section 1001.

This count does not allege the use of any trick, scheme, or device, and therefore is not under the first part of section 1001. A conviction under the third part may not be held to involve moral turpitude because of the conflicts in the various circuits as to whether materiality is required. *Matter of Espinosa*, decided by the Board of Immigration Appeals, August 16, 1962, 10 I. & N. Dec. 98. Since the District Director found that the conviction involved fraud against the United States, he considered the conviction under the second clause of section 1001. In *Matter of Espinosa, supra*, the Board agreed with the special inquiry officer that the conviction was under the third clause but discussed the effect of a possible conviction under the second clause. The Board stated, in pertinent part:

Even if . . . the crime consists of a violation of the second clause of section 1001 which concerns the making of false statements without reference to writings, it seems to us that a question as to materiality would still exist. Besides, the simple answer lies in the fact that the record does not establish that there was a conviction for fraud rather than for false misrepresentation. The second clause of 18 U.S.C. 1001 lists the commission of several acts which can constitute the crime. These acts are set forth in the disjunctive. Thus, it is a crime to make a false writing knowing it to contain a "false, fictitious *or* fraudulent statement" (emphasis supplied). In an indictment the elements of the crime can be set forth in the conjunctive; however, a defendant can be found guilty upon proof of the commission of any one of the acts charged (*United States* v. *Wells*, 180 F. Supp. 707 (Del 1959)). Under such circumstances, there is a question as to whether the conviction was based upon the existence of one element rather than

another. We cannot assume that the respondent pleaded guilty to fraudulent conduct rather than false conduct.

In determining whether a crime involved moral turpitude, the definition of a crime must be taken at its minimum. *United States ex rel. Robinson* v. *Day*, 51 F.2d 757 (C.C.A. 2, 1931). On this record the conviction may have been for making a false statement, and we may not assume that the plea of guilty concerned a fraudulent statement. The crime cannot be held to involve moral turpitude. The record does not establish therefore that the applicant is ineligible to receive an immigrant visa or that she is not admissible to the United States for permanent residence.

The remaining issue is whether in the exercise of the discretion contained in the Act of November 2, 1966 the application should be approved. The applicant has three children. Two were born in Cuba, on November 12, 1955 and July 18, 1958, of her first marriage. That marriage reportedly was terminated by divorce on March 15, 1962 at Miami, Florida. She was married on August 4, 1962 to her present husband, a native and citizen of Cuba admitted to the United States for permanent residence. Of the second marriage one child was born in the United States on January 11, 1963. As set forth above, she and her present husband made false statements on or about December 20, 1962 and failed to disclose their marriage in connection with the United States Cuban Refugee Assistance Program. The record of conviction of January 31, 1966 shows she and her husband were each placed on probation with the special condition imposed by the Court that full restitution be made at such times and in such amounts as the Probation Department may direct. The applicant remains on probation for the conviction of a felony punishable by a fine of not more than $10,000 or imprisonment of not more than five years, or both, arising from an abuse of an assistance program set up by the United States Government for the benefit of Cuban Refugees. No evidence of restitution has been submitted.

After careful consideration of the entire record, it is found the facts and circumstances do not warrant granting the applicant the benefits of this immigration legislation for Cuban refugees. The application will be denied for this reason.

**ORDER:** It is ordered that the application be and hereby is denied as a matter of administrative discretion.