UNITED STATES of America, Plaintiff,

v.

2.9 ACRES OF LAND, MORE OR LESS, IN the COUNTY OF JEFFERSON, STATE OF MONTANA; Rieder Ranch, Inc., Fee Owner, et al., and Unknown Owners, Defendants.

No. CV–82–36–BU.

United States District Court,
D. Montana,
Butte Division.

Aug. 27, 1982.

Lorraine D. Gallinger, Asst. U.S. Atty., Billings, Mont., Gary R. Stark, Bonneville Power Adm'n, Portland, Or., for plaintiff.

Paul Smith, Smith, Connor & Van Valkenburg, Boulder, Mont., for Rieder Ranch.

Robert T. O'Leary, Montana Power Co., Butte, Mont., for defendants.

## MEMORANDUM OPINION AND ORDER

HATFIELD, District Judge.

The present action was commenced on April 15, 1982 for the purpose of condemning an easement across defendants' land for access in conjunction with the construction of an electrical transmission line by the Bonneville Power Administration (hereinafter "B.P.A."). On June 29, 1982, in accordance with the authorization and intent of the Declaration of Taking Act, 40 U.S.C. § 258a et seq., this court entered an order granting the United States possession of the easement areas to the extent of the estates acquired, effective 30 days from the entry of the order.

On August 2, 1982, the defendant filed its answer challenging the right of the United States to acquire the subject access road easements through the right of eminent domain, contending that the actions of the B.P.A., with respect to selection of the access road, were arbitrary and capricious.

Presently before the court is the United States' consolidated motion requesting an order: (1) reinstating the Order of Possession entered on June 29, 1982; (2) striking all portions of defendant's answer challenging the right of the United States to acquire the subject access road easement; and (3) granting the United States judgment on the pleadings on the issue of the right and authority of the United States to acquire the subject easement through eminent domain.

Having considered the merits of the arguments advanced by the parties with respect to the foregoing consolidated motion, the court concludes that the motion must, in all respects, be granted.

■ Once the government unambiguously specifies those interests to be acquired in a complaint in condemnation, a federal court has no power to either enhance or diminish those interests, but the court may only inquire: (1) whether the expressed use is in fact one public in nature, and (2) whether the condemnation results from bad faith or arbitrary or capricious motives. *See, United States v. 80.5 Acres of Land, etc., County of Shasta, California,* 448 F.2d 980 (9th Cir.1970); *United States v. 101.88 Acres of Land, Situated in St. Mary Parish, State of Louisiana,* 616 F.2d 762 (5th Cir. 1980). Therefore, it is not the function of federal courts to second-guess governmental agencies on issues of necessity and expediency when condemnation is sought. *United States v. 80.5 Acres of Land, supra.* Rather the concept of justiciability limits judicial review to the bare issue of whether the limits of authority were exceeded.

The opinion of the court in *Missoula County, et al. v. Johnson,* No. 81–35–BU (D.C.Mont. Jan. 28, 1982) established that the B.P.A. project at issue has been authorized by Congress. Therefore, the sole defense available to the defendant in the present case rests in the assertion that the B.P.A. was acting arbitrarily or capriciously or in bad faith with respect to its selection of the access road in question. That defense, as noted, represents an exception recognized in this Circuit to the judicial nonreviewability rule extant in condemnation cases. *Southern Pacific Land Co. v. United States,* 367 F.2d 161 (9th Cir.1966), *cert. denied* 386 U.S. 1030, 87 S.Ct. 1478, 18 L.Ed.2d 592.

In support of its "arbitrary and capricious" defense, the defendant alleges numerous actions by the B.P.A. which it contends represents arbitrary and capricious conduct with respect to selection of the access road in question[1]: (1) failure to comply with the substantive standards of the Montana Major Facility Siting Act; (2) failure to comply with certain construction standards as contractually agreed to with the State Land Board of Montana; (3) failure to comply with certain federal laws and regulations; (4) failure to comply with the B.P.A.'s own internal policies; (5) the purported taking constitutes a waste of public funds; and (6) the "perpetual" easement condemned should have been limited to a term of years.

■ Although the defendant alleges that the first four of the aforementioned actions have a bearing on the "arbitrary and capricious" defense raised, they represent, in effect, challenges to the authority of the B.P.A. to construct the transmission line at issue. As previously noted, that issue was decided in the case of *Missoula County, et al. v. Johnson, supra.* The determination that the B.P.A. has the authority to construct the transmission line at issue as rendered in *Johnson* is controlling here. The defendant cannot re-litigate that issue by

---

**1.** Although the defendant's answer categorizes each alleged action of the B.P.A. as a separate defense, each such incident is merely an elabo-ration of the single defense that the purported taking is arbitrary and capricious.

attempting to re-phrase the issue under the "arbitrary and capricious" defense raised herein. Accordingly, the plaintiff's motion to strike those portions of the defense relating to the "authority" issue must be granted.

The remaining contentions in support of the defendant's "arbitrary and capricious" defense are that the taking constitutes a waste of public funds and is excessive with respect to time. These contentions cannot be a defense *per se* to the taking, since they raise the issue of necessity, which is non-reviewable by this court. *See, Berman v. Parker,* 348 U.S. 26, 32–33, 75 S.Ct. 98, 102–103, 99 L.Ed. 27 (1954). They may, however, stand to the limited extent that they are raised in support of the defense of arbitrary and capricious conduct. Nonetheless, the plaintiff seeks to strike the defense of arbitrary and capricious conduct to the extent that it is bottomed on the allegations of waste and excessiveness. The plaintiff premises its motion to strike on the basis that the defendant has failed to allege sufficient facts to raise the defense of arbitrary and capricious conduct. The court finds the position of the plaintiff well taken.

In raising the defense of arbitrary and capricious conduct, the defendant must allege facts sufficient to apprise the plaintiff of the conduct on its part which is alleged to have been arbitrary and capricious. The court is acutely aware of the liberality attendant the rules of pleading. However, a general allegation that an agency action was arbitrary and capricious adds nothing to a pleading. *See, Ness Investment Corp. v. United States Dept. of Agriculture,* 512 F.2d 706, 717 (9th Cir.1975).

The allegations made by the defendant are merely conclusions, lacking the factual specificity required to adequately plead the defense of arbitrary and capricious conduct.

Therefore, plaintiff's Rule 12(f), Fed.R. Civ.P., motion to strike defendant's defense of arbitrary and capricious conduct must be granted.

For the reasons set forth above, IT IS HEREBY ORDERED that the plaintiff's consolidated motion is in all respects GRANTED.