## UNITED STATES v. CERTAIN LANDS IN TOWN OF HIGHLANDS, ORANGE COUNTY, et al. (two cases).

District Court, S. D. New York.

Oct. 7, 1942.

See, also, 48 F.Supp. 303.

Harry T. Dolan, Sp. Asst. to Atty. Gen., for petitioner.

Kopald & Haft, of Highland Falls, N. Y., for Village of Highland Falls.

Elwood C. Smith, of Monroe, N. Y., for Citizens Waterworks Co. of Town of Highlands.

Scott & Sneed, of Newburgh, N. Y., for defendants Grover C. Cox, Frank C. Cox, and Leno Pellegrenille.

BRIGHT, District Judge.

By an Act of the 71st Congress, approved March 3, 1931, Public Law 795, 46 Stat. 1491, the Secretary of War was authorized to acquire by purchase, condemnation or otherwise, 15,135 acres, more or less, in the vicinity of the United States Military Academy at West Point, New York, and including lands surrounding Popolopen Lake, land bordering on the River Hudson and other interlocking plots of land "Provided, That nothing herein contained shall adversely affect the existing water supply, its sources, or pipe lines of the town of Highlands, New York".

These two proceedings were then commenced to condemn some of the lands described in the statute.

The Citizens Waterworks Company does not own any part of the lands sought to be acquired, but does own adjoining lands, and is the only corporation owning any waterworks in the Town of Highlands, and the only one furnishing water for domestic and other uses in that Town. In other words, it is "the existing water supply". It was permitted to intervene in these proceedings and to serve an answer so that it might litigate the question of whether or not the acquisition by the United States will "adversely affect" that water supply and its sources.

The lands sought to be acquired in the two proceedings, in whole or in part, are situated upon the water shed from which the Waterworks Company obtains some part of its water. The company contends, therefore, that the proviso quoted prohibits the condemnation of the lands described in the petitions, or so much thereof as are situated upon the water shed; and in this connection, that if the Government is permitted to take the lands described, it might divert the water originating thereon, and may in the use thereof for military purposes, contaminate it so as to make it unavailable for a domestic water supply, which contamination will, in effect, constitute a taking.

The company has shown that it owns ponds in the immediate vicinity in which are impounded some of the water supply in question, as well as a portion of the brook leading from its ponds through which are conducted the waters to a storage reservoir and pipe lines, which brook, in part, flows over the lands sought to be condemned; and that there are various springs, rivulets and other sources of water upon the described lands.

In the Motak case, the petition has been amended so as to except and exclude from the property to be taken "such right, title and interest, if any, as the Citizens Waterworks Company of the Town of Highlands had in and to the lands described in the petition on March 3, 1931". Since that petition was filed, declarations of taking have been filed by the Secretary of War in each of the proceedings, pursuant to Section 258a of Title 40, U.S.C.A., declaring that the lands described are necessary adequately to provide for additional training facilities and for related military purposes for use in connection with the extension of the West Point Military Reservation. That declaration excepts and excludes "such right, title and interest, if any, which the Citizens Waterworks Company of the Town of Highlands has in and to the lands named and described in this declaration of taking". The exception in the Cassedy case is of "such right, title and interest, if any, which the Citizens Waterworks Company of the Town of Highlands had on March 3, 1931 in and to the lands named and described in this declaration of taking".

It would seem to me, in view of these exceptions and exclusions, that the rights of the Citizens Waterworks Company are fully protected. There is, in my opinion, a clear disclaimer by the Government of any intent to take anything in which the Waterworks Company had any right, title or interest.

But assuming I am mistaken, there remains the question of whether or not the proviso prohibits condemnation of the lands sought to be taken. The objection is made that the Secretary of War, because of the proviso, had no authority to determine that the taking was necessary. Assuming that he had the authority, his determination in that respect, in the absence of bad faith or fraud, of which there is no evidence or claim made, will not be reviewed here. This court will not substitute its judgment for that of the Secretary of War in deciding whether the lands taken are necessary for the particular military

308

purposes mentioned in the statute. United States v. Eighty Acres of Land in Williamson County, D.C., 26 F.Supp. 315-320; United States v. 72 Acres of Land, D.C., 37 F.Supp. 297; City of Oakland v. United States, 9 Cir., 124 F.2d 959, 964. Whether he had authority so to determine is inextricably bound up with the construction of the proviso, and in deciding that question, the construction adopted will be for the protection of the public interest. Richmond, F., & P. R. Co. v. Louisa R. Co., 13 How. 71-81, 14 L.Ed. 55; Reichelderfer v. Quinn, 287 U.S. 315-321, 53 S.Ct. 177, 77 L.Ed. 331, 83 A.L.R. 1429. The power of eminent domain exists in the United States as part of its sovereignty unless denied by its fundamental law, which it is not. That power is inherent and essential to its independent existence. It is paramount of ultimate ownership. It requires no constitutional recognition and it cannot be surrendered. Kohl v. United States, 91 U.S. 367, 23 L.Ed. 449; Boom Co. v. Patterson, 98 U.S. 403, 25 L.Ed. 206; United States v. Sixty Acres of Land, D.C., 28 F.Supp. 368-372; City of Oakland v. United States, supra; United States v. 4450.72 Acres of Land, D.C., 27 F.Supp. 167-172; State of Georgia v. City of Chattanooga, 264 U.S. 472-480, 44 S.Ct. 369, 68 L.Ed. 796; City of Norton v. Lowden, 10 Cir., 84 F.2d 663-665. Attaching as this right does to sovereignty, the rule of strict construction applicable to private corporations does not apply. United States v. City of Tiffin, C.C. 190 F. 279; United States v. Sixty Acres, supra; C. M. Patten & Co. v. United States, 9 Cir., 61 F.2d 970-972, dismissed as moot 289 U.S. 705, 53 S.Ct. 687, 77 L. Ed. 1462. I do not think there was any prohibition of acquisition, and the Secretary of War had ample authority to make the determination of necessity. Shoemaker v. United States, 147 U.S. 282-299, 13 S.Ct. 361, 37 L.Ed. 170. Congress obviously intended to authorize the Secretary of War to acquire the property in question. That acquisition should not adversely affect the water supply of the Town of Highlands. It does not follow that because the United States will acquire these parts of the water shed of the Waterworks Company that the town water supply will be taken or adversely affected. There can be a taking and a user without such effect. In fact, it is not apparent that the water supply will be in any different situation with the Government as owner than it is now with ownership in private individuals. And I cannot understand, if Congress had intended to exclude the land in question, why it did not say so. It was certainly most comprehensive in its description of the land that might be taken.

In my opinion, the object of the proviso was to insure to the Town of Highlands a continuance of its water supply as it existed at the time the Act was approved. It did not prohibit the acquisition of the land needed for the purposes stated in the statute.

The answer of the Citizens Waterworks Company will be stricken out and judgment directed for the petitioner in both cases.