**UNITED STATES**

v.

**STATE OF SOUTH DAKOTA et al.**

No. 14987.

United States Court of Appeals
Eighth Circuit.

April 29, 1954.

John F. Cotter, Atty., Department of Justice, Washington, D. C. (Perry W. Morton, Asst. Atty. Gen., Clinton G. Richards, U. S. Atty., Deadwood, S. D.,

Roger P. Marquis and S. Billingsley Hill, Attys., Department of Justice, Washington, D. C., were on the brief), for appellant.

W. O. Knight and E. D. Barron, Asst. Attys. Gen., Ralph A. Dunham, Atty. Gen., for appellee State of South Dakota.

No appearance was entered nor brief filed for appellees Clyde Keller and Dick Mays.

Before SANBORN, THOMAS and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is a condemnation proceeding brought by the United States to acquire the fee simple title to a 230-acre tract of land for use in connection with the Rapid City Air Force Base at Rapid City, South Dakota. The complaint alleges that the "interest * * * to be acquired is the fee simple title, subject, however, to existing easements for public roads and highways, public utilities, railroads and pipe lines."

A declaration of taking was filed at the commencement of the proceeding and $10,300 was deposited with the court as estimated just compensation.

A judgment on the declaration of taking was then entered directing that possession be delivered to the United States and providing that the cause be held open for such further orders, judgment and decrees as may be necessary.

The State of South Dakota was named as one of the parties "having or claiming an interest in the property." The State filed an answer in which it alleged that it is one of the sovereign states of the United States of America; that on December 8, 1941, the State was the owner in fee simple of the Southeast Quarter of Section 1, Township 2, Range 8, East of the Black Hills Meridian, Meade County, South Dakota, 130 acres of which is a part of the land sought to be condemned; that on December 8, 1941, it sold said land to Charles Forest, reserving to the State the deposits of coal, ores, metals, and other like substances in the land with the right to prospect

for and remove the same upon rendering compensation to the owner for all damages that may be caused by such prospecting or removal, pursuant to Section 55.0203, S.D.C. 1939; and alleging further that the acquisition of such deposits of coal, ore, etc., is not necessary for the public use and purposes of the plaintiff, and praying that the court decree:

1. That the State is the owner of all such deposits, and

2. That the acquisition of such mineral rights is not necessary for the public uses for which the United States desires said premises and that the plaintiff has no right to acquire the same through eminent domain.

The parties stipulated that one Dick Mays is the lessee from the State of the oil and mineral rights in a portion of the land involved, and that the said Dick Mays has entered his appearance in this action and consents to be named as a defendant; that there has been no development of said mineral rights; and that the only question at issue in this action is the right of the United States to take the oil and mineral rights as a part of the fee title, the State claiming that the acquisition of such rights is not necessary for the public uses for which the United States desires said premises.

It was further stipulated that the question thus presented is a question of law for the court's determination.

The court made findings of fact and conclusions of law and adjudged:

"That the acquisition of such mineral rights is not necessary for the public uses and purposes for which the plaintiff [United States] desires said premises and that the said plaintiff has no right to acquire same through eminent domain."

And the court adjudged and decreed that the complaint insofar as it included the mineral estate vested in the State of South Dakota be dismissed.

The United States appealed from the judgment so entered contending that the court erred:

1. In dismissing the mineral interest from the taking on the ground that it "is not necessary"; and

2. In dismissing the mineral interest from the taking on the ground that "It is taken for a use that is not public."

In resolving the issues presented on this appeal it is essential to determine the controlling law. It is true as claimed by the Attorney General of the State of South Dakota that the State is one of the sovereign states of the United States. It is also true that the United States of America is a sovereign nation. Both sovereigns may own land and may acquire title thereto by condemnation proceedings in accordance with their laws of eminent domain. In the case of Franklin National Bank of Franklin Square v. People of State of New York, 74 S.Ct. 550, 554, a question arose in regard to the application of the banking laws of the State of New York to the National Banks situated in New York. In the course of the opinion the Supreme Court said:

"There appears to be a clear conflict between the law of New York and the law of the Federal Government. We cannot resolve conflicts of authority by our judgment as to the wisdom or need of either conflicting policy. The compact between the states creating the Federal Government resolves them as a matter of supremacy. However wise or needful New York's policy, a matter as to which we express no judgment, it must give way to the contrary federal policy."

The guiding principle alluded to is found in Article VI of the Constitution of the United States in these words:

"This Constitution, and the Laws of the United States which shall be made in Pursuance thereof * * * shall be the supreme Law of the Land; and the Judges in every

**16**

State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

The condemnation proceeding involved here is authorized by the Act of August 12, 1935, 49 Stat. 610, as amended July 26, 1947, 61 Stat. 501, 10 U.S.C.A. §§ 1343a–1343d, which provides:

"That the Secretary of the Army is hereby authorized and directed to determine in all strategic areas of the United States * * * the location of such additional permanent Air Corps stations and depots as he deems essential * * *.

"Sec. 2. To accomplish the purposes of this Act, the Secretary of the Army is authorized to accept, on behalf of the United States, free of encumbrances * * * the title in fee simple to such lands as he may deem necessary or desirable for new permanent Air Corps stations * * or, * * * to purchase the same by agreement or through condemnation proceedings."

 That the United States has the power to condemn state lands has been settled by controlling decisions. State of Minnesota v. United States, 8 Cir., 125 F.2d 636; Perko v. United States, 8 Cir., 204 F.2d 446, certiorari denied, 346 U.S. 832, 74 S.Ct. 48.

The determination of what is "necessary" for the purpose for which the land is sought is delegated by Congress to the Secretary of the Army in this case, and his decision is not reviewable by the courts. Barnidge v. United States, 8 Cir., 101 F.2d 295. And see State of Nebraska v. United States, 8 Cir., 164 F.2d 866, certiorari denied, 334 U.S. 815, 68 S.Ct. 1070, 92 L.Ed. 1745. See, also, United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209, and Kohl v. United States, 91 U.S. 367, 23 L.Ed. 449.

Clearly the court erred in holding that the mineral interest in the land was not necessary and in dismissing that interest from the "taking." The determination of that question by the Secretary of the Army was not reviewable by the district court. The Attorney General of the State of South Dakota has cited no federal case supporting the ruling of the court. The cases cited arose under state laws and in condemnation proceedings authorized by state statutes. None of them are pertinent here.

The judgment of the court dismissing the mineral interest from the "taking" is reversed and the case is remanded to the district court with instructions to enter judgment for the plaintiff.