**DISTRICT OF COLUMBIA REDEVELOPMENT LAND AGENCY, Plaintiff,**

v.

**70 PARCELS OF LAND IN SQUARE 541 IN THE DISTRICT OF COLUMBIA,** John Stewart, et al., and Unknown Owners, Defendants.

### No. 3433.

United States District Court
District of Columbia.

Nov. 8, 1954.

Leo A. Rover, U. S. Atty., Ralph A. Ricketts, and George F. Riseling, Dept. of Justice, Washington, D. C., for the Government.

Joseph H. Schneider, Albert Ginsberg and James C. Toomey, Washington, D. C., for some of the Land Owners.

WILKIN, District Judge.

Plaintiff, the District of Columbia Redevelopment Land Agency, instituted condemnation proceedings in accordance with the District of Columbia Redevelopment Act of 1945.[1] Defendants are property owners who oppose the seizure of their properties under the authority of the Act. The constitutionality of the Act was upheld, with certain limitations, by a Three-Judge District Court,[2] and appeal from the decision of that Court is now pending in the Supreme Court of the United States. This case comes presently before this Court on plaintiff's motion for summary judgment, despite the pending appeal, in order to avoid mounting practical difficulties occasioned by delay in the execution of the official Plan authorized by the Act.

1. 60 Stat. 790, D.C.Code, § 5–701 et seq. (1951).

2. Schneider v. District of Columbia, D.C., 117 F.Supp. 705.

In brief, it is plaintiff's contention, in support of its motion for summary judgment, that since the Act is constitutional, the taking for a public use, and the action lawfully instituted, there is no question of fact before the Court and summary judgment should be granted. Defendants oppose the motion, holding that their properties are not slum properties and do not contribute to slums, crime, disease or any other condition injurious to public health, safety, morals or welfare, and that the seizure of their properties is therefore arbitrary and capricious and beyond the power conferred under the Act. Defendants also contend that where it is alleged that the administrative officials have acted beyond the scope of their authority, the issue must be heard on the merits.

■ Pending the appeal from the judgment of the Three-Judge Court, this Court is bound by that judgment. In its opinion, that Court said (117 F.Supp. at page 719): "We hold that the necessity for the seizure of the title to a parcel of real estate involves facts and judgment, that these are essentially for the administrators, and that the function of the courts is limited to determining whether the conclusions of the administrators are within reason upon the record and within the congressional delegation of authority."

■ Defendants' attack upon the entire Southwest Area Project, where their properties are located, must fail in view of the above opinion upholding the constitutionality of the Redevelopment Act. As to the facts defendants allege in their pleadings and affidavits, they are facts essentially within the power of the administrative agencies to determine. Assuming, for the purpose of this motion, the truth of defendants' allegations, they are insufficient in law now. Defendants question the judgment of the Planning Commission and the District Commissioners, but this Court cannot substitute its judgment for that of the legally authorized administrative agencies.

While the issues before it did not require it, the Three-Judge Court in the final paragraph of its opinion stated (117 F.Supp. at page 725): "Should the pleadings be amended to include an issue as to whether or not the administrative agency has acted beyond the scope of the statute, as construed in this opinion, in including the plaintiffs' properties within the project area, the case should be heard by one judge for determination of that question."

■ This Court finds, from a consideration of the whole record, that such a charge cannot be sustained. None of defendants' pleadings or affidavits support the claims of arbitrary and capricious action, or of actions beyond the scope of the statute, by the authorized officials.

"There may be no genuine issue [for trial] even though there is a formal issue. Neither a purely formal denial nor, in every case, general allegations, defeat summary judgment." Dewey v. Clark, 86 U.S. App.D.C. 137, 143, 180 F.2d 766, 772.

During recent years the subject of eminent domain and proceedings for condemnation of property have been given extensive and thorough study by the American and other bar associations, the Advisory Committee on Federal Rules of Civil Procedure, and others, with the purpose of facilitating the exercise of eminent domain and the proceedings for condemnation of property, while at the same time preserving the essential and fundamental rights of property owners. Following such studies, and their recommendations, laws have been enacted in many jurisdictions which authorize the creation of public agencies or subdivisions of government, for the purpose of effecting various public improvements, and such agencies and sub-divisions have been vested with the power of eminent domain and the authority to condemn property by specified procedures. Quite generally such enactments provide that an Official or Comprehensive Plan shall be prepared for the proposed public improvement, and submitted to some Court or Administrative Agency for approval. Such enactments generally provide for public hearings before such Official Plan

can be approved. All persons affected by the Plan, or interested in the Plan, are afforded an opportunity to be heard. The Court or Agency to which the Plan is submitted is authorized to amend, alter, reject, or approve. After the Official Plan is approved, however, it is generally considered beyond attack by individual property owners. They are relegated to proceedings for determination of the value of their lands or property which are condemned.

The general purpose of such enactments was to avoid the delays occasioned by numerous and repetitious objections by separate property owners, and multiplicity of actions in Court. Such enactments and procedures have generally been approved by Courts of law and public opinion.

The Act, under which the plaintiff proceeds in this case, and its amendments, seem to have been drafted in accordance with the general principles of similar recent enactments. Moved by a desire to sustain and effectuate the purposes and intentions of Congress to promote the welfare of the inhabitants of the seat of our national government, this Court is constrained to sustain the plaintiff's motion for summary judgment. Counsel may prepare an appropriate order.