**UNITED STATES of America,**
**Plaintiff,**

v.

**29.40 ACRES OF LAND, More or Less, Situate IN THE TOWN OF LIVINGSTON, COUNTY OF ESSEX, N. J., and the Township of East Hanover, Morris County, New Jersey, and Andrea Matarazzo, et al., Defendants.**

**Civ. A. 705–54.**

United States District Court
D. New Jersey.
May 3, 1955.

Raymond Del Tufo, Jr., U. S. Atty., Newark, N. J., by Eugene M. Friedman, Asst. U. S. Atty., Newark, N. J., for plaintiff.

Frank A. Palmieri, Orange, N. J., for defendants, Samuel P. Matarazzo and Mary L. Matarazzo.

HARTSHORNE, District Judge.

The issue here is as to the propriety of condemnation proceedings affecting defendants' land taken by the United States Government[1] for the purpose of a military installation, as to the character of which the Secretary of the Army has formally claimed "privilege". But it is stipulated by counsel for the purpose of the present motion, that the taking is for the sole purpose in fact of transmitting electronic impulses, at a height

[1] 46 Stat. 1421, 40 U.S.C.A. § 258a; 25 Stat. 357, 40 U.S.C.A. § 257; 26 Stat. 316, 40 Stat. 241, 40 Stat. 518, 50 U.S. C.A. § 171; Public Law 207 and 209, 1st Session, 83rd Congress, approved August 7, 1953, 67 Stat. 418, 440.

of not less than 50 feet above the land, called the "line-of-sight clearance surface".

Defendants Samuel P. Matarazzo and Mary L. Matarazzo, owners of certain portions of the entire property to be taken, have filed answer to the amended complaint objecting to the taking on various grounds. These are substantially that (1) the United States is in fact taking a fee instead of an easement, which its amended complaint and declaration of taking should accordingly recognize, (2) that the cash deposit of $1,125 made by the Government, as "estimated" just compensation for the interest taken in the tract of said defendants, is but a nominal amount, and therefore is a non-compliance with the Declaration of Taking Act,[2] (3) that the Government's action in such taking is an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution, and a taking of property without due process of law, and without just compensation, in violation of the Fifth Amendment. The United States moves to strike these defenses as being either "insufficient" in law, Fed.Rules Civ.Proc. rule 12(f), 28 U.S.C., or "sham and false", F.R.C.P. 11. At the argument counsel disregarded the somewhat inartistic form of defendants' answer, including its conclusions of law, and considered such answer as properly raising in substance the above points and facts.

Defendants first contend that in a situation of this kind the United States (1) can take only a fee and that even if it could take less than a fee, its taking here is in fact of a fee, which its declaration of taking mis-describes as an easement.

But "the power of eminent domain is not dependent upon any specific grant (in the United States Constitution); it is an attribute of sovereignty, limited and conditioned by the just compensation clause of the Fifth Amendment." Hanson Lumber Co. v. U. S., 1923, 261 U.S. 581, 587, 43 S.Ct. 442, 444, 67 L.Ed. 809 (parentheses the Court's). The policy to be followed in exercising this implicit governmental power has been delineated many times by the policy-making branch of the Government, the Congress. For instance, as specifically applicable to the present situation, the Congress has authorized the Secretary of the Army to institute condemnation proceedings in court "for the acquirement by condemnation of any land, temporary use thereof or other interest therein, or right pertaining thereto, needed for the site, location, construction, or prosecution of works for fortifications, coast defenses * * *." 50 U.S.C.A. § 171. And this the Secretary of the Army and other Government officers may do "whenever in [their] opinion it is necessary or advantageous to the Government to do so". 40 U.S.C.A. § 257. Again, Federal court condemnation proceedings have been authorized by the Congress "of any land or easement or right of way in land for the public use * * *"; and upon the deposit in court of the estimated compensation there shall vest in the United States "title to the said lands in fee simple absolute, or such less estate or interest therein as is specified in said declaration (of taking) * * *." Title 40, Buildings, etc. § 258a. (Parentheses the Court's.) Thus, as to military purposes, admittedly a public use, the Secretary of the Army, for whose use the land in question is taken, has the authority to decide what land, or what rights therein, "it is necessary or advantageous to the Government to" take. The question both as to whether to take such rights, and the character of the rights to be taken, are thus vested in the executive authority, and are not subject to review by the courts, provided the use is in fact a public one, as it here admittedly is, and provided the proceedings comply with the authority vested in the executive by the Congressional legislation. Berman v. Parker, 1954, 348 U.S. 26, 35, 75 S.Ct. 98. The authority of the Secretary of the Army is thus clear to take rights less than a fee for this military purpose.

2. Title 40, Public Buildings Property and Works, § 258a.

■■ We turn to the further questions, above alluded to, as to whether (2) the "declaration of taking" which here circumscribes and delineates the character of the taking, and which calls it "an easement and rights * * *" is in fact the taking of a fee, so that it is essentially misleading and a possible violation of the statute, and whether (3) the statute is further violated by the Government's alleged deposit, not of "estimated" just compensation, but of a purely nominal, and accordingly arbitrary, sum.

The declaration of taking specifically sets forth the "easement and rights" to be taken as "consisting of the following:

(1) The continuing and perpetual right to cut to ground level and remove trees (etc.) * * * infringing upon or extending into or above the line-of-sight clearance surface * * * and

(2) The right to remove, raze or destroy those portions of * * * structures and land infringing upon or extending into or above the line-of-sight clearance surface * * * and

(3) The right to prohibit the future construction of * * * structures infringing upon or extending into or above the line-of-sight clearance * * *

Reserving, however, to the land owners * * * all right, title, interest and privilege as may be exercised and enjoyed without interference with or abridgement of the easement and rights hereby taken for said public uses * * *."

In short, for the purpose of transmitting electronic impulses for military use, the United States Government took the right to use, and keep clear of physical obstructions from the ground below, an air space starting at its lowest level 50 feet above defendants' land. But the right to use the lands themselves was left to the defendants, subject to such restriction. In short, defendants could build houses thereon provided they were no higher than 50 feet, and provided electronic impulses from such houses did not interfere with those emanating from the governmental·installations. Furthermore, the land remained perfectly free for either farming or grazing purposes. Obviously, substantial beneficial uses of the land remain in defendants. Obviously, the United States Government is not taking the fee of defendants' land, but some easement or servitude affecting such lands. U. S. v. Causby, 1946, 328 U.S. 256, 66 S.Ct. 1062, 90 L.Ed. 1206; U. S. v. Cress, 1917, 243 U.S. 316, 37 S.Ct. 380, 61 L.Ed. 746; U. S. v. 2648.31 Acres of Land, Etc., 4 Cir., 1955, 218 F.2d 518. Of course, "the use of the air space immediately above the land would limit the utility of the land and cause a diminution in its value." U. S. v. Causby, supra, 328 U.S. at page 262, 66 S.Ct. at page 1066. Since it is the owner's loss, not the taker's gain, which is the measure of the value of the property taken, U. S. v. Miller, 1942, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336, it is quite immaterial, so far as the owner is concerned, by what technical name, such as easement, servitude, *profit à prendre*, or otherwise, the rights taken are technically known. But in any event, the United States has not contravened the statute in describing the rights taken, as set forth in the declaration of taking.

■ As to the objection that the cash deposit with the court by the United States was not, as the above Congressional act requires, the amount of compensation which had been in fact "estimated", but a mere nominal amount fixed at a purely arbitrary sum, so that the proceedings here violated the Congressional authority on that account, it is, of course, true that, if such were the fact, the objection might be well taken. For then the purpose of the statute, in assuring the land owner that he would not be deprived of the possession of his land, until he had obtained its estimated equivalent, would have been "thwarted by arbitrary governmental action". U. S. v. 44 Acres of Land, D.C.W.D.N.Y.1953, 110 F.Supp. 168, 171. But it must be borne in mind that the estimate is not final. Final award is to be ascertained and awarded on the condemnation hear-

ing. Garrow v. U. S., 5 Cir., 1942, 131 F.2d 724, certiorari denied, 1943, 318 U.S. 765, 63 S.Ct. 664, 87 L.Ed. 1137. Again this Court can not weigh in this regard the evidence as to what amount the estimated just compensation should be, but only the question as to whether or not the amount deposited had, in fact, been "estimated", and not deposited as a mere nominal or arbitrary sum. However, upon the Court's suggestion that a hearing could be had as to this deposit, and the Government's assurance that it would within a week file an affidavit by a qualified realtor that the cash deposit had, in fact, been in the amount of properly "estimated" just compensation, defendants indicated that they would be satisfied therewith.

Since a land owner will receive just compensation for his land taken, after hearing, on notice—the prime requisites of due process—it is clear that defendants' final claim is incorrect that their rights under the Fourth and Fifth Amendments of the United States Constitution have been violated.

An order may be entered accordingly.