**UNITED STATES of America, Plaintiff,**

v.

**113.81 ACRES OF LAND, MORE OR LESS, IN STANISLAUS COUNTY, State of CALIFORNIA, Claire E. Rose, et al., Defendants.**

**No. 7800.**

United States District Court
N. D. California, N. D.

Oct. 16, 1959.

Lynn J. Gillard, U. S. Atty., A. Lawrence Burbank, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

Henry C. Clausen, San Francisco, Cal., for defendant Rose.

OLIVER J. CARTER, District Judge.

Plaintiff in this condemnation action has moved to strike an amendment to the answer of defendant, Claire E. Rose, under the provisions of Rule 12(f) of the Federal Rules of Civil Procedure, 28 U.S. C.A., upon the grounds that the amend-

ment is impertinent, immaterial and insufficient in law.

The substance of the attacked amendment [1] is that the condemning agency and its agents acted in bad faith, and abused its and their discretion in taking the subject property, both as to the amount of, and the nature of the estate in, the property taken. Defendant does not question the power of the United States to take the property, nor does she challenge the statutory authority of the governmental agency (in this case, the Navy) to take the property if such taking was advantageous and necessary to the government. She does challenge the good faith of the agency and its officers in determining the necessity and advantage of the taking. The motion to strike mentions impertinence and immateriality as grounds for the motion, but the argument and the cases cited in support of the motion make it clear that the substance of the motion is that the attacked amendment states an insufficient defense. The government argues that the questions of bad faith and abuse of discretion as raised in the amended answer are not open to judicial review since those questions raise political, not judicial, issues. This argument proceeds on the assumption that the discretion of the officer or agency authorized to exercise the governmental power of eminent domain under appropriate legislative authority as to the amount of property taken, or the nature of the estate therein, is not reviewable by the courts, being the exercise of a legislative or administrative function, and it is based on the rule that "while the courts have power to determine whether the use for which private property is authorized by the legislature to be taken is in fact a public use, yet, if this question is decided in the affirmative, the judicial function is exhausted; that the extent to which such property shall be taken for such use rests wholly in the legislative discretion, subject only to the restraint that just compensation must be made." Shoemaker v. United States, 147 U.S. 282, at page 298, 13 S.Ct. 361, at page 390, 37 L.Ed. 170.

Whether there is an area of judicial inquiry into the actions of executive officers exercising the power of eminent domain where it is claimed that the power granted is being used arbitrarily, or in bad faith, is a subject upon which the courts have made varying expressions. In United States v. Carmack, 329 U.S. 230, at page 243, 67 S.Ct. 252, at page 258, 91 L.Ed. 209, the Supreme Court decided that it was unnecessary to determine whether or not the selection of certain property for taking by condemnation could have been set aside "if the designated officials had acted in bad faith or so 'capriciously and arbitrarily' that their action was without adequate determining principle or was unreasoned" because the record showed there was no basis in fact for such a conclusion.

1. "Alleges that the Assistant Secretary of the Navy (Material) of the United States and the condemning agency acted in bad faith and abused his and its discretion in determining that it was and is necessary and in determining that it was and is advantageous to the United States of America to acquire said defendant's property described herein when said Assistant Secretary and said condemning agency requested the taking of the whole of said parcel when he and it knew that there was no need for the land of defendant Rose and had no plans for its use and the land would be and was re-leased to identical tenants of the said owner who thereby was deprived of her property and property rights as owner, and that in fact, in order to forestall said taking, defendant Rose offered plaintiff, on a voluntary basis, in accordance with arrangements it made with other and adjoining landowners, air easements and to strip the land of all structures which might impede air operations of plaintiff; but plaintiff made said arrangements with said other and adjoining landowners, did not condemn their land, and singled defendant Rose out for the aforesaid unfair taking."

In Simmonds v. United States, 9 Cir., 1952, 199 F.2d 305, at page 306, the court said:

"Therefore, where the statute which is being implemented contains Congressional authority to take property by eminent domain proceedings (here the River and Harbor Act, 49 Stat. 1028 as amended), the officer authorized to act is under the duty of exercising his discretion as to the estate he elects to take. His discretion so exercised is subject to be attacked only for plain abuse or fraudulent action."

And further at page 307:

"Discretion as to the extent, amount or title of property to be taken by the United States has been conferred by legislation upon the Secretary of the Army; and in the absence of bad faith or abuse of that discretion his determination is final."

See also United States v. Meyer, 7 Cir., 1940, 113 F.2d 387; Lewis v. United States, 9 Cir., 1952, 200 F.2d 183; United States v. 40.75 Acres of Land, etc., D.C. N.D.Ill.1948, 76 F.Supp. 239.

There are a number of cases which have dealt with challenges to the power of a governmental agent, or agency, to condemn certain property, or a certain estate in property. Most of these cases have stricken the defense or objection, but in none was the question of bad faith or abuse of discretion alleged or discussed. The objection ran to the power of the agency or agent under statute, or to the necessity for the use of the land sought to be condemned. See United States v. Kansas City, Kan., 10 Cir., 1946, 159 F.2d 125; United States v. State of South Dakota, 8 Cir., 1954, 212 F.2d 14; United States v. 64.88 Acres of Land, etc., 3 Cir., 1957, 244 F.2d 534; Kingsport Utilities v. Steadman, D.C., 139 F.Supp. 622, and United States v. 29.40 Acres of Land, etc., D.C., 131 F.Supp. 84.

In United States v. Kansas City, Kan., supra, the Court said at page 129 of 159 F.2d:

"The use being a public one, the quantity which should be taken (Shoemaker v. United States, 147 U. S. 282, 13 S.Ct. 361, 37 L.Ed. 170; United States v. Gettysburg Electric Co., supra [160 U.S. 668, 16 S.Ct. 427, 40 L.Ed. 576]) and the extent or sort of the estate to be acquired (Sweet v. Rechel, 159 U.S. 380, 395, 16 S.Ct. 43, 40 L.Ed. 188; United States v. Meyer, 7 Cir., 113 F.2d 387; Carmack v. United States, 8 Cir., 135 F.2d 196) are legislative questions and are not subject to judicial review. The decision of the officer designated to enforce the legislative will is also immune from judicial review. The court below, therefore, was in error in intervening to decree a different estate than the one determined as necessary by such designated officer."

And in United States v. State of South Dakota, supra, it was said:

"The determination of what is 'necessary' for the purpose for which the land is sought is delegated by Congress to the Secretary of the Army in this case, and his decision is not reviewable by the courts." 212 F.2d at page 16.

There have also been cases where the courts determined as a matter of fact that the taking was not in bad faith or arbitrary or capricious. See United States v. Carmack, supra; Simmonds v. United States, supra; United States v. Meyer, supra, and District of Columbia Redevelopment Land Agency v. 70 Parcels of Land, D.C., 153 F.Supp. 840.

■ From these cases it is apparent that the power of a court to review the determination of an administrative or legislative officer, or agency, in eminent domain as to the amount of, or the estate in the property taken is questionable, or, in any event, extremely limited. Therefore it is equally questionable .as to

whether an allegation in an answer charging that these powers have been exercised arbitrarily and in bad faith states an insufficient defense as that term is used in Rule 12(f). It would appear from the reservation by the Supreme Court in Carmack, supra, and from the statement of the rule in Simmonds, supra, that in the Ninth Circuit such a defense may be raised by answer, and is one which must be tried to the court without a jury under the provisions of Rule 71A(h) of the Federal Rules of Civil Procedure, the last sentence of which states:

"Trial of all issues shall otherwise be by the court."

In any event these cases, and others, compel the conclusion that the question presents a disputed matter of law, or fact, or both.

 In this posture of the case relief cannot be granted under Rule 12(f) because

"A motion to strike was never intended to furnish an opportunity for the determination of disputed and substantial questions of law, O'Reilly v. Curtis Publishing Co., D.C., 22 F. Supp. 359, at page 361; Tivoli Realty, Inc. v. Paramount Pictures, Inc., D.C.Del., 80 F.Supp. 800, at page 803; Burke v. Mesta Mach. Co., D.C. W.D.Pa., 5 F.R.D. 134; 1 Barron & Holtzoff, supra, § 368, p. 750; 2 Moore, supra, p. 2219, and is not granted if insufficiency of the defense is not clearly apparent or may better be determined in a hearing on the merits." Smith v. Piper Aircraft Corp., D.C., 18 F.R.D. 169, 177.

See also United States v. Arnhold & S. Bleichroeder, Inc., D.C., 96 F.Supp. 240, 243, and Wilkinson v. Feild, D.C., 108 F. Supp. 541, 545.

The motion to strike should be denied.

It is therefore ordered that plaintiff's motion to strike the amendment to answer of defendant Claire E. Rose be and the same is hereby denied.