**UNITED STATES of America, Appellant,**

v.

**Louise MISCHKE, Appellee.**

**No. 16444.**

United States Court of Appeals
Eighth Circuit.

Jan. 18, 1961.

Roger P. Marquis, Attorney, Lands Div., Dept. of Justice, Washington, D. C.,

Perry W. Morton, Asst. Atty. Gen., and Claron C. Spencer, Attorney, Lands Div., Dept. of Justice, Washington, D. C., and William C. Spire, U. S. Atty., Omaha, Neb., and Guy J. Birch, Asst. U. S. Atty., Lincoln, Neb., on the brief, for appellant.

John A. Engel, Avon, S. D., Henry A. Gunderson, Fremont, Neb., on the brief, for appellee.

Before SANBORN, WOODROUGH and MATTHES, Circuit Judges.

SANBORN, Circuit Judge.

This is an appeal from an order in a condemnation proceeding instituted by the United States in 1955 to acquire 1,712.89 acres of land in Knox County, Nebraska, for purposes of flood control in the Missouri River and for use in connection with the construction and operation of the Gavins Point Dam and Reservoir. The effect of the order appealed from was to return to Louise Mischke 42.5 acres of a 700-acre tract designated in the proceeding as Tract B–208–1, which had been taken by the Government.

The complaint in condemnation, the Declaration of Taking signed by the Secretary of the Army, and his letter asking that the Attorney General take action to acquire the lands which the Secretary had determined to be necessary and advantageous for use in connection with the construction and operation of the Gavins Point Dam and Reservoir Project, were filed on April 5, 1955. The deposit of estimated compensation was made at the same time. The District Court thereupon entered judgment on the Declaration of Taking, vesting title to the lands, subject to certain easements, in the United States. Included in the taking was Tract B–208–1.

On May 19, 1955, Louise Mischke filed an answer in which she alleged:

"Defendant denies specifically that it is necessary for the plaintiff to take the quantity of land sought to be condemned in said complaint and alleges that a portion of said tract sought to be condemned by the plaintiff is to be used for recreational purposes and is not authorized under the Acts of Congress cited in the complaint and notice in condemnation, and that as to that portion of land to be used for recreational purposes the condemnation of said tract is not authorized by law; 'that the taking of additional land [The original shows the word "Amendment" in the margin opposite the last three lines.] was arbitrary and capricious and beyond the discretion of the Secretary of the Army.' "

The Government on October 31, 1955, moved to strike this allegation of the answer and the demand that its complaint be dismissed as to that portion of the land allegedly "taken for recreational purposes and which is not authorized by law," as raising an insufficient defense. Other former owners of lands taken for this dam and reservoir project had also filed answers containing similar defenses, which the Government had moved to strike. The motions, including that of Louise Mischke, were heard by Judge Delehant. In a comprehensive memorandum opinion filed January 14, 1956, he said:

"Briefly evaluated, the challenged material in the several answers has as its objective, in the case of each tract involved, the final denial on its merits of the right of the plaintiff to take in condemnation in the proceeding actually pending a part of the land described in the Declaration of Taking and in the complaint; and each motion attempts summarily to strike that issue and position from the case."

He concluded that the issues raised by the motions to strike should not be disposed of summarily but should be set for trial by the court without a jury, and that

"At such trial the defendant former owner or owners of each tract in respect of which the point shall continue to be urged will be required to go forward with evidence considered to support the factual position taken in the answer and plaintiff will be

required to produce any evidence on which it may rely in opposition."

The issue raised by Louise Mischke's answer came on for trial in June, 1959, before Judge Van Pelt, without a jury. Evidence was introduced, as directed in Judge Delehant's opinion of January 14, 1956,—that of Louise Mischke, in support of her allegation, tending to prove that, of the 700-acre tract taken from her by the Government, 42.5 acres were not needed for use in connection with the construction or operation of the dam and reservoir and were intended to be used for recreational purposes. There was evidence on behalf of the Government that the 42.5 acres were needed for use as means of access to the reservoir, as well as a place for the parking of cars and the launching of boats by persons visiting the reservoir for purpose of recreation.

The trial judge was fully aware that it was doubtful that the issue of the need or expediency of taking the 42.5 acres in controversy was subject to judicial review. In his unreported memorandum opinion, filed October 1, 1959, he said: "The difficult question is the Court's right, if any, to go behind the decision of the Secretary of Interior [the Army]." That presents the sole question which this Court is called upon to decide. There can be no question that the 1,712.-89 acres were being acquired for a public purpose; that Congress had authorized the taking and had delegated to the Secretary of the Army the authority to select the lands necessary to be taken; and that among the lands selected by him was the 700-acre tract B–208–1 belonging to Louise Mischke.

As evidenced by his memorandum opinion, the trial judge gave careful consideration to the issue raised by the answer of Louise Mischke. We quote the following from the opinion:

"Under Section 40 U.S.C.A. 258A it is necessary for the United States of America to set forth the public use for which these lands are taken.

"Paragraph 3 of the Complaint alleges: 'The use for which the property is to be taken is to adequately provide for flood control in the Missouri River Basin and for uses incident thereto. [The land to be taken has been selected for acquisition by the United States for use in connection with the construction and establishment of the] Gavins Point Dam and Reservoir in the Missouri River, and for such other uses as may be authorized by Congress or by Executive Order.'

"The 42.5 acres is not needed for flood control and the Court so finds.

"It is not needed for a use authorized by Congress or Executive Order. This is substantiated by the fact that the Complaint has not attempted to set forth such a use. It is clear that its use is to be for recreation. It is clear that Plaintiff does not intend to develop that use but is going to turn it over to the State of Nebraska. The Court believes it clear that originally it was not contemplated to take land for or develop recreational areas.

"Without the request of Governor Crosby [of Nebraska] and Paul T. Gilbert [Secretary of the Game, Forestation and Parks Commission of Nebraska] the 42.5 acres would not be included in the taking. The taking is against the judgment of the Chief of the Real Estate Division in Omaha. This Court feels that the Secretary bowed to the Governor and Mr. Gilbert's wishes and therefore there was no adequate determining principle used in the taking. The result is, this Court believes, that the Secretary's action is thereby arbitrary and capricious.

"The Court finds that the landowner has maintained the burden on her of showing that the action was arbitrary and capricious and without an adequate determining principle. The facts of this case distinguish it from United States v. Willis [8 Cir.], 211 F.2d 1, and that case is therefore not controlling here except on the burden of proof."

Based upon this determination, the trial court ordered that the Judgment on Declaration of Taking insofar as it affects Tract B–208–1 be modified so that the complaint in condemnation and the Judgment be dismissed as to the 42.5 acres, and that those acres be revested in Louise Mischke. This appeal by the Government followed.

If the trial judge had jurisdiction to review the determination of the Secretary of the Army relative to the necessity or expediency of the Government's acquisition of the lands which he had selected for condemnation, we would be of the opinion that the redetermination of the question by the judge had evidentiary support. It may be inferred from the evidence that, whatever use the 42.5-acre tract may have as a means for furnishing or improving access to the reservoir, that tract would largely be used and useful as a recreational area for persons visiting the reservoir.

For the purposes of this opinion, it may be assumed that it was unnecessary to include the 42.5 acres in Tract B–208–1; that the inclusion of them in that tract by the Secretary of the Army was due to the request of the Governor of Nebraska and the Secretary of its Game, Forestation and Parks Commission; and that the Government may intend to turn the 42.5 acres over to the State of Nebraska. Those, we think, properly are matters to be taken into consideration by the Secretary of the Army, and which could be of concern to Congress. We think they are not matters which would justify the entry of the order under review.

It is true that there are cases from which implications may be drawn that if a district court finds that the officer or agency, authorized by Congress to select lands to be taken for a public use and to determine the necessity for the taking, has acted in bad faith or arbitrarily or capriciously in making the selection, the court may set it aside. See Simmonds v. United States, 9 Cir., 199 F.2d 305, 306; United States v. State of New York, 2 Cir., 160 F.2d 479, 480–481;

United States v. Meyer, 7 Cir., 113 F.2d 387, 392.

In regard to this subject, we said in United States v. Willis, 8 Cir., 211 F.2d 1, 2:

"The court [District Court] thus undertook to review the administrative determination of necessity and quantity which had been made, within the qualification of bad faith or arbitrariness and capriciousness, which has sometimes been said— mostly by way of dictum—to warrant judicial overthrow of administrative judgment as to condemnation taking, in relation to the legislative authority granted, and which the Supreme Court itself apparently left open in United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209, when it said, 'In this case, it is unnecessary to determine whether or not this selection could have been set aside by the courts as unauthorized by Congress if the designated officials had acted in bad faith or so "capriciously and arbitrarily" that their action was without adequate determining principles or was unreasoned.' 329 U.S. at page 243, 67 S.Ct. at page 258."

We cannot accept the theory that the assertion by a defendant in a condemnation proceeding that the official, duly authorized by Congress to select the lands necessary to be taken for a public use, has acted in bad faith and arbitrarily and capriciously in making the selection, can transmute what has invariably been held to be a legislative question into a judicial one.

It is our opinion that the trial court lacked authority to review or to redetermine the question of the necessity for the taking of the 42.5 acres of the Mischke tract.

"When the use is public, the necessity or expediency of appropriating any particular property is not a subject of judicial cognizance." Boom Company v. Patterson, 98 U.S. 403, 406, 25 L.Ed. 206.

"The use for which the land is to be taken having been determined to be a public use, the quantity which should be taken is a legislative and not a judicial, question." United States v. Gettysburg Electric Railway Co., 160 U.S. 668, 685, 16 S.Ct. 427, 431, 40 L.Ed. 576.

"The question of necessity is not one of a judicial character, but rather one for determination by the lawmaking branch of the government. Boom Company v. Patterson, 98 U.S. 403, 406 [25 L.Ed. 206]; United States v. Jones, 109 U.S. 513 [3 S.Ct. 346, 27 L.Ed. 1015]; Cherokee Nation v. [Southern] Kansas Railway Company, supra, [135 U.S. 641, 10 S.Ct. 965, 34 L.Ed. 295]." Backus v. Fort Street Union Depot Co., 169 U.S. 557, 568, 18 S.Ct. 445, 450, 42 L.Ed. 853. See, also, Bragg v. Weaver, 251 U.S. 57, 58, 40 S.Ct. 62, 64 L.Ed. 135.

"That the necessity and expediency of taking property for public use is a legislative and not a judicial question is not open to discussion. Adirondack Ry. Co. v. [People of State of] New York, supra, [176 U.S. 335] at page 349 [20 S.Ct. 460, 44 L.Ed. 492]; Shoemaker v. United States, 147 U.S. 282, 298 [13 S.Ct. 361, 37 L.Ed. 170]; United States v. Gettysburg Electric Ry. Co., 160 U.S. 668, 685 [16 S.Ct. 427, 40 L.Ed. 576]; Boom Co. v. Patterson, 98 U.S. 403, 406 [25 L.Ed. 206]." Joslin Manufacturing Co. v. City of Providence, 262 U.S. 668, 678, 43 S.Ct. 684, 689, 67 L.Ed. 1167.

"The necessity for appropriating private property for public use is not a judicial question. This power resides in the Legislature, and may either be exercised by the Legislature or delegated by it to public officers." Rindge Co. v. County of Los Angeles, 262 U.S. 700, 709, 43 S.Ct. 689, 693, 67 L.Ed. 1186.

In the comparatively recent case of Berman v. Parker, 348 U.S. 26, 75 S.Ct. 98, 99 L.Ed. 27, which involved the condemnation of lands in the District of Columbia for a redevelopment project, the following language appears on pages 35–36 of 348 U.S., on page 104 of 75 S.Ct.:

"It is not for the courts to oversee the choice of the boundary line nor to sit in review on the size of a particular project area. Once the question of the public purpose has been decided, the amount and character of land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch. See Shoemaker v. United States, 147 U.S. 282, 298 [13 S.Ct. 361, 37 L.Ed. 170]; United States; ex rel. T[ennessee] V[alley] A[uthority] v. Welch, supra [327 U.S. 546] 554, [66 S.Ct. 715, at page 718, 90 L.Ed. 843]; United States v. Carmack, 329 U.S. 230, 247 [67 S.Ct. 252, 260, 91 L.Ed. 209]."

See, also Starr v. Nashville Housing Authority, D.C.M.D.Tenn., 145 F.Supp. 498, affirmed per curiam, 354 U.S. 916, 77 S.Ct. 1378, 1 L.Ed.2d 1432.

In United States v. 6.74 Acres of Land in Dade County, Fla., 5 Cir., 148 F.2d. 618, 619, appears the following statement:

" * * * The necessity for the taking was by the Congressional Acts placed solely within the discretion of the Secretary of War and is not a question with respect to which courts are vested with jurisdiction. The court below, therefore, was without right to question the action of the Secretary of War either as to the necessity of the taking or as to the extent of the right or interest in the property taken."

See, also, Barnidge v. United States, 8 Cir., 101 F.2d 295, 299.

We find little distinction between the instant case and United States v. Willis, 8 Cir., 211 F.2d 1, and we regard United States v. State of South Dakota, 8 Cir., 212 F.2d 14, 15, as virtually indistinguishable. In that case the Government sought to acquire, by condemnation, fee simple title to land selected for use in connection with the Rapid City Air Force Base. In part of this land, South Dakota had mineral rights. The State filed an answer to the complaint of the Government, alleging: "That the acquisition of

:such mineral rights is not necessary for -the public uses and purposes for which the plaintiff [United States] desires said premises and that the [said] plaintiff has ·no right to acquire same through ·eminent domain." The District Court tried the issue raised, found the allegation to be true, and dismissed the complaint in so far as it included the mineral rights of the State. In reversing the District Court, this Court said (212 F. :2d at page 16):

"The determination of what is 'necessary' for the purpose for which the land is sought is delegated by Congress to the Secretary of the Army in this case, and his decision is not reviewable by the courts. Barnidge v. United States, 8 Cir., 101 F.2d 295. And see State of :Nebraska v. United States, 8 Cir., 164 F.2d 866, certiorari denied 334 U.S. 815, 68 S.Ct. 1070, 92 L.Ed. 1745. See, also, United States v. ·Carmack, 329 U.S. 230, 67 S.Ct. 252, ·91 L.Ed. 209, and Kohl v. United .States, 91 U.S. 367, 23 L.Ed. 449.

"Clearly the court erred in holding -that the mineral interest in the land was not necessary and in dismissing ·that interest from the 'taking.' The determination of that question by the Secretary of the Army was not :reviewable by the district court. * * *"

See, also, and compare: United States ex rel. T. V. A. v. Welch, 327 U.S. 546, 66 S.Ct. 715, 90 L.Ed. 843, reversing the ·Court of Appeals for the Fourth Circuit, 150 F.2d 613; and United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L. Ed. 209, reversing the decision of this Court in 151 F.2d 881.

The determination of the Secretary of the Army, the delegate of Congress, as to the necessity of acquiring the lands selected by him, is, we think, no more vulnerable to judicial review or redetermination than would have been the same determination and selection if made by Congress itself in the Act authorizing the project.

Our conclusion is that the District Court was without jurisdiction to enter the order appealed from. The order is vacated, and the case is remanded for further proceedings not inconsistent with this opinion.