**UNITED STATES of America**

v.

**CERTAIN PROPERTY located IN the BOROUGH OF MANHATTAN, etc.,** consisting of all of Block 887 etc., Steven Goodstein, Martin H. Goodstein et al.

United States District Court
S. D. New York.
Nov. 30, 1962.

Harry T. Dolan, Sp. Asst. to the Atty. Gen., Brooklyn, N. Y., for the Government.

Dreyer & Traub, Brooklyn, N. Y., for defendant Steven Goodstein and Martin H. Goodstein.

RYAN, Chief Judge.

The United States of America, at the request of the Assistant Postmaster General, Bureau of Facilities, has filed this suit for the taking of property under the power of eminent domain and for the ascertainment and award of just compensation to the owners and parties in interest.

 The authority for the taking is contained in 39 U.S.C. §§ 2103(a) (2) (A), 2113(a) and 2114, supplementing the authority granted by 40 U.S.C. § 257.[1] The statutory authority, 40 U.S.C. § 257, is not an overall grant of the power of condemnation, in that its application depends upon other legislation authorizing an officer of the Government to procure real estate for public uses. United States v. Fisk Building, 99 F. Supp. 592 (D.C., S.D.N.Y. 1951). This Court has jurisdiction under 28 U.S.C. § 1358.[2]

The defendants GOODSTEIN, in their answer, demand trial by jury, and allege

1. In every case in which any officer of the Government has been authorized to procure real estate for the erection of a public building or for other public uses, he may acquire the same for the United States by condemnation. 

2. District courts shall have original jurisdiction of all proceedings to condemn real estate for the use of the United States or its departments or agencies, regardless of the amount in controversy.

that there is no authority to condemn under 40 U.S.C. § 257, denying that the property is to be taken for a public use. In addition, the defendants allege that their property is not necessary to the project and describe the taking as arbitrary and capricious.

Plaintiff moves for an order striking the answer filed on the ground that said answer does not allege facts sufficient to constitute legal objections or defenses to the taking of defendants' property. Defendants cross-move for judgment on the pleadings dismissing the complaint, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, on the ground that the complaint fails to state a claim upon which relief can be granted.

The question presented to this Court is whether defendants' answer alleges facts sufficient to constitute a legal objection or defense to the taking of defendants' property.

■ An answer that denies the authority to take certain property by condemnation, may be subjected to a motion to strike if the answer does not constitute a legal objection or defense. In United States v. 1,298.15 Acres in Boone County, 108 F.Supp. 549 (D.C., W.D. Ark., 1951), plaintiff's motion to strike the answer, denying that the Secretary of the Army had authority to take a certain portion of the tract, was granted. This Court then determined that, if a condemnation is within the statutory authority and for a public use, the Courts have no power to review the necessity of the condemnation of property.

■■ The necessity of taking, in cases of intended public use, is a legislative question.[3] Where legislative authority is given to an official to determine the necessity and he acts thereunder, there is a presumption of the necessity. (United States v. Certain Lands in City of Jamestown, N. Y., 34 F.Supp. 746 (D.C., W.D. N.Y., 1940). The Court may not substitute its judgment for that of the Secretary of War in deciding whether the lands taken are necessary for military purposes. (United States v. Certain Lands in Town of Highlands, Orange County, 48 F.Supp. 306 (D.C., S.D.N.Y. 1942).)

■ The Supreme Court, in United States v. Carmack, 329 U.S. 230, 67 S.Ct. 252, 91 L.Ed. 209 (1946), held that the necessity for a park site is a matter for legislative or administrative determination rather than for a judicial finding; and that the necessity of taking property for public use is a legislative and not a judicial question. The determination of the Secretary of the Army, as to the necessity of acquiring the lands selected by him, is no more vulnerable to judicial review than would have been the same determination and selection if made by Congress itself in the act authorizing the project. (United States v. Mischke, 285 F.2d 628 (8th Cir., 1961).) The Courts are not permitted to review the exercise of discretion vested in the governmental authorities who have determined that public use requires the taking of land. (United States v. Certain Lands Located in New York, 72 F.Supp. 749 (D.C., S.D. N.Y. 1947).)

Since the taking of the property is supported by statutory authority and public use requires the taking of the land, defendants' contention, that the Postmaster's procuring of the property for the erection of a public building or for other

---

3. In United States v. 113.81 Acres of Land, More or Less, in Calif., 24 F.R.D. 368 (D.C., N.D.Calif.1959), the Court denied plaintiff's motion to strike the amendment to defendant's answer, alleging that the Secretary of the Navy acted in bad faith and abused its discretion in taking defendant's property. The Secretary of the Navy requested the taking of the whole parcel when he had no plans for its use and the land was re-leased to defendant's identical tenants. The Court determined the question of the intended public use as a matter of fact. In the present case, the intended public use is determined as a matter of law, certified by the statutory authority.

public uses is arbitrary and capricious, is without merit. Defendants' answer does not plead a legal objection or defense. The necessity for taking the property is a legislative question which cannot be subject to judicial review.

Plaintiff's motion to strike defendants' answer is granted, and it is so ordered.