■ SLEEPY HOLLOW VALLEY COMMITTEE, by ROBERT F. DAVIS, its President, et al., Respondents, v. J. BURCH McMORRAN, Individually and as Superintendent of New York State Department of Public Works, et al., Appellants.— In an action in which the complaint alleges that defendant McMorran, Superintendent of the New York State Department of Public Works, defendant Sinacori, a District Engineer of the Department, and defendant Clarkeson, a consulting engineer, in combination and by conspiracy with unnamed others, arbitrarily and capriciously propose to construct a certain highway on a route which varies from the specific course defined therefor in a legislative enactment (L. 1965, ch. 290, adding new clause "k" to paragraph "1" of subdivision "57" of section 341 of the Highway Law), by partially shifting such construction from the statutory alignment thereof to a so-called northerly alignment, and in which the plaintiffs seek judgment declaring that the location of the northerly alignment is unlawful, restraining the defendants from entering upon the plaintiffs' lands, proximate to the northerly alignment, to effectuate such construction, and for other relief, defendants appeal from so much of an order of the Supreme Court, Westchester County, dated August 30, 1966, as denied their cross motions to dismiss the complaint *inter alia* for failure to state a cause of action. (The order likewise denied plaintiffs' motion for an injunction *pendente lite*, but plaintiffs do not appeal therefrom.) Order reversed, insofar as appealed from, with $10 costs and disbursements to appellants McMorran and Sinacori, and defendants' cross motions to dismiss the complaint for failure to state a cause of action granted, with $10 costs upon each motion. In our opinion, the learned Special Term erroneously concluded that there exist triable issues of fact, tendered by the allegations of the complaint, and that the complaint was sufficient as a matter of law to require a trial. While the factual averments of a complaint must be taken as true on a motion to dismiss the complaint, the court is not bound to accept unsubstantiated legal conclusions drawn by the pleader to the effect that defendants' acts were arbitrary and capricious, or the pleader's interpretation of the statutes involved (*City of Albany* v. *McMorran*, 16 A D 2d 1021, 1022). Allegations of bad faith do not convert an unreviewable legislative determination into a justiciable issue (*United States* v. *Mischke*, 285 F. 2d 628, 631; *Kaskel* v. *Impellitteri*, 306 N. Y. 73, 80). While the esthetic and economic factors of a situation may be of justiciable nature insofar as review of an administrative or quasi-judicial determination is concerned (cf. *Scenic Hudson Preservation Conference* v. *Federal Power Comm.*, 354 F. 2d 608, cert. den. 384 U. S. 941), no case supports the proposition that, as at bar, a legislative determination thereon, made in conformity with law, is subject to judicial review. Accordingly, no substantial issue of fact may be drawn from any of the underlying factual allegations set forth in the instant complaint. On the law, it is our opinion that, so long as he substantially conforms to the legislative purpose and the course prescribed for the new route in the legislative enactment (L. 1965, ch. 290), the superintendent's minor deviation from the prescribed course, under the case law and statutory frame-work, presents no judicially reviewable question (*Matter of Brown* v. *McMorran*, 23 A D 2d 661; Highway Law, §§ 3, 10, 11, 30, 341 and 343). At bar, we hold that the superintendent's deviation affects only the first intermediate monument set forth in the statutory course, and leaves unaffected the other two intermediate monuments and the two termini therein mentioned, with the

result that the basic character and integrity of the route fixed by the Legislature remain unimpaired. Under the circumstances, the superintendent's minor deviation falls within the authorized and non-reviewable legislative area of determining necessity for appropriating property (*City of Mount Vernon* v. *East Hudson Parkway Auth.*, 23 A D 2d 849). As a consequence of the foregoing, the basic allegations and averments found in the instant case present no judicially reviewable legislative action which might exist where a legislative act is attacked as one in excess of authority or as one proceeding in a manner unauthorized by law (cf. *Matter of Mastrangelo* v. *State Council of Parks*, 22 A D 2d 947, app. withdrawn 16 N Y 2d 540). Plaintiffs, as landowners, may not invoke the aid of the courts merely because they basically claim that some other location or locations of the proposed route might have been made, or some other property' obtained which would have been more suitable for the purpose (18 Am. Jur., Eminent Domain, § 108, p. 735). Christ, Acting P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.