UNITED STATES of America, Plaintiff,

v.

442.94 ACRES OF LAND, MORE OR LESS, Situated in POLK COUNTY, STATE OF IOWA, and Ed O. Morningstar et al., Defendants.

Civ. No. 7-1927-C-1.

United States District Court
S. D. Iowa,
Central Division.

Jan. 18, 1967.

Robert G. Riley, Des Moines, Iowa, for Benford M. Walker.

Claude H. Freeman, Asst. U. S. Atty., for the Government.

## ORDER

STEPHENSON, Chief Judge.

This matter is now before the Court upon the motion of the owner of Tract 116, Benford M. Walker, wherein movant asks the Court to modify the declaration of taking. Tract No. 116 is a part of the land condemned by the United States of America for the Saylorville Reservoir Project. It is legally described as follows:

A tract of land situated in the County of Polk, State of Iowa, being the north 70.0 feet of the south 86.5 feet of the SE¼ NW¼ of section 32, township 80 north, range 24 west of the 5th principal meridian, containing 2.12 acres, more or less.

In substance the defendant Benford N. Walker contends that in said taking, the government acted arbitrarily and in bad faith. After hearing the evidence it is abundantly clear that defendant's contentions arise because in widening a present 35 feet roadway, the government chose to acquire an additional 70 feet from the defendant rather than 35 feet on each side of the present roadway. Defendant contends this is unfair and is in opposition to the general policy and practice in the State of Iowa in improving and widening roads wherein it is customary to acquire equal portions of the land on both sides of the road.

■ Once it has been determined that the use is public, the necessity or expediency of appropriating any particular property is not a subject for judicial review. United States v. Mischke, 285 F.2d 628 (8th Cir. 1961). "Once the question of the public purpose has been decided, the amount and character of land to be taken for the project and the need for a particular tract to complete the integrated plan rests in the discretion of the legislative branch." Berman v. Parker, 348 U.S. 26, 35–36 [75 S.Ct. 98, 99 L.Ed. 27].

■■ This Court is without authority to review the action of the United States in selecting this particular tract as a part of the Reservoir Project. It is clear that the property taken is for a public use. Under these circumstances, the Court can inquire no further. Defendant's motion to modify judgment is denied.