**Amen WARDY et al., Appellants,**

**v.**

**UNITED STATES of America,
Appellee.**

**No. 25718.**

United States Court of Appeals
Fifth Circuit.

Oct. 25, 1968.

Lee A. Chagra, El Paso, Tex., for appellants.

Clyde O. Martz, Asst. Atty. Gen., Roger P. Marquis, A. Donald Mileur, John G. Gill, Jr., Raymond N. Zagone, Attys., Dept. of Justice, Washington, D. C., Charles Andrew Gary, Asst. U. S. Atty., Ernest Morgan, U. S. Atty., San Antonio, Tex., for appellee.

Before RIVES and DYER, Circuit Judges, and MEHRTENS, District Judge.

PER CURIAM.

This is an appeal from a condemnation award and judgment of $500,000 rendered on a jury's verdict. For reasons to be stated, the judgment is affirmed.

On July 25, 1966 the United States instituted a suit against appellants to condemn fee title to several tracts of land connected with the Chamizal Project in El Paso, Texas. American-Mexican Chamizal Convention Act, 22 U.S.C. § 277d-17 (1964). Before

trial the United States sought and obtained a ruling that these tracts "were in the area where they might likely be acquired for the Chamizal Project as of July 18, 1963." The order further specified that no reference to the price thereafter paid for these tracts would be allowed at trial.[1] Appellants contend here that this order and the resultant prohibition of testimony at trial concerning the price paid by them for two of the tracts in question deprived appellants of their right under the Fifth Amendment to be justly compensated for lands taken from them by the United States. U.S.Const. Amend V. This contention lacks merit.

 The instant case is clearly controlled by the principles in rule 71A (h) of the Federal Rules of Civil Procedure and the leading Supreme Court decision in United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943). The district court correctly applied the *Miller* test in dealing with the United States' motion *in limine*. The question was whether appellants' "lands were probably within the scope of the project from the time the Government was committed to it." *Miller*, supra at 377, 63 S.Ct. at 281. Appellants contend that the jury should have been allowed to answer this question. Under rule 71A(h) the jury's function is limited to determining "just compensation." It is the duty of the court to decide the legal issues, as well as all other fact issues. See 7 Moore, Federal Practice 71A.90[3] (1967 Cum.Supp.) Cf. United States v. 113.81 Acres of Land, More or Less, N.D.Calif.1959, 24 F.R.D. 368 (court must try issue of bad faith); United States v. 2,872.88 Acres of Land, More or Less, 5 Cir. 1963, 310 F.2d 775, 777; and Jayson v. United States, 5 Cir. 1961, 294 F.2d 808, 810.

1. The announcement of the Chamizal settlement was on July 18, 1963. The Chamizal treaty was signed on August 29, 1963, and the condemnation was authorized by Congress on April 19, 1964. Appellants did not begin acquiring these tracts until September 1964. The question for the district judge was, therefore,

Thus, instead of infringing on the jury's functions, the judge merely decided a legal question which limited the factors necessary to the determination of "just compensation."

The *Miller* rule is a sound and equitable one and has been faithfully applied in this Circuit. See Anderson v. United States, 5 Cir. 1950, 179 F.2d 281, and International Paper Company v. United States, 5 Cir. 1955, 227 F.2d 201, 209. The rule was properly applied by the district judge in this case.

Affirmed.

whether the tracts in question were, on the dates of their purchase by Ayoub, likely to be within the scope of the Chamizal project which was publicly announced over one year earlier. See, United States v. Miller, 317 U.S. 369, 63 S.Ct. 276, 87 L.Ed. 336 (1943).